STATE EX REL. ANDERSON ET AL., APPELLANTS, *v.* GILE,
JUSTICE OF THE PEACE, RESPONDENT.

No. 8661

Submitted May 27, 1946. Decided September 12, 1946.

172 Pac. (2d) 583

Mr. George Niewoehner, of White Sulphur Springs, for appellants.

Mr. James H. Higgins, of White Sulphur Springs, and Messrs. Rankin & Acher, of Helena, for respondent.

MR. JUSTICE ADAIR delivered the opinion of the Court.

This is an appeal from a judgment of the district court of Meagher county denying relators' application for a peremptory writ of mandamus and dismissing the petition.

In order to a proper understanding of the question involved we will briefly recite the facts leading up to this appeal.

On September 20, 1945, the relators Dean Anderson and Hazel Anderson invoked the jurisdiction of the justice court in and for Brewer Township in Meagher county, Montana, before

R. S. Gile, Justice of the Peace, by appearing in such court and there presenting, swearing to and signing a complaint theretofore prepared by relators' attorney, George Niewoehner, Esq. and purporting to charge one Carl O. Hansen with the commission of a misdemeanor in driving an automotive vehicle in a reckless manner on a public highway of the state of Montana and praying for the issuance of a warrant was filed.

On the following day, September 21, 1945, James H. Higgins, Esq., the duly elected, qualified and acting county attorney of Meagher county, appeared in said court and by written motion applied to the court for an order to dismiss the complaint in the action. The motion was granted and the court ordered the action dismissed. Thereafter the court set forth in its docket and record of the proceedings in said action the following minute entry:

"Be it remembered, that on this 21st day of September, 1945, The above entitled action is hereby dismissed on motion of the county attorney, J. H. Higgins.

"R. S. Gile<br>"J. P."

On September 25, 1945, the relators commenced an action in the district court of the fifteenth judicial district of the state of Montana in and for the county of Meagher against R. S. Gile, Justice of the Peace, respondent, seeking a writ of mandate to compel the respondent justice of the peace to set aside and hold for naught the entry in his docket recording the dismissal of the criminal action against Hansen and to command such justice of the peace to immediately cause Hansen to be arrested and arraigned in said justice court and to thereupon "proceed with the conduct of said action in such manner as the facts and law may warrant."

On October 13, 1945, the respondent R. S. Giles as justice of the peace certified to the district court the record of the proceedings had in said justice court including a copy of the docket. On October 11, 1945, two days before he certified to the record, the justice of the peace supplemented or amended

his docket entry on the dismissal of said action by adding thereto the following:

"In furtherance of justice and for the reason that it appears to the court from the above motion of the county attorney and his report of the investigation of the case that the evidence is insufficient to prove a public offense.

"R. S. Gile
"J. P."

There is nothing irregular in so amending or completing the docket entry *prior* to the certification of the record. Such amendments may be ordered and made even *after* the justice has certified the record. 16 C. J. Title, Criminal Law, p. 345, sec. 631, 22 C. J. S., Criminal Law, sec. 364.

The district court, after hearing the evidence offered by the respective parties, made certain findings and on October 30, 1945, incorporated same in its judgment, denying the application for a peremptory writ of mandate and ordering relators' petition dismissed.

In its judgment the district court found and concluded, "That the said respondent R. S. Giles, acting in good faith, on the 21st day of September, 1945, in the exercise of his discretionary power and on the application of said county attorney, did dismiss said criminal action and made the docket entry hereinafter mentioned stating his reasons therefor." Accordingly the district court held that it was not authorized to issue the writ of mandamus sought or to command the respondent to proceed further with the conduct of the prosecution in such criminal action.

On appeal to this court the presumption is that the findings and the judgment based thereon are correct. Mahoney v. Lester, Mont., 168 Pac. (2d) 339; Van Voast v. Blaine County, Mont., 167 Pac. (2d) 563; Bickford v. Bickford, Mont., 158 Pac. (2d) 796; Whitcomb v. Koechel, Mont. 158 Pac. (2d) 496; Wieri v. Anaconda Copper Min. Co., Mont., 156 Pac. (2d) 838; Cedar Creek Oil and Gas Co. v. Archer, 112 Mont. 477, 117 Pac. (2d) 265; Missoula Light & Water Co. v. Hughes, 106

Mont. 355, 77 Pac. (2d) 1041; In re Bragg's Estate, 106 Mont. 132, 76 Pac. (2d) 57.

The findings of the trial court must be sustained if they are ██ supported by substantial evidence. Van Voast v. Blaine County, supra; Bickford v. Bickford, supra; Kommers v. Palagi, 111 Mont. 293, 108 Pac. (2d) 208. All legitimate and reasonable inferences must be indulged toward upholding the findings. Bickford v. Bickford, supra; Welch v. Thomas, 102 Mont. 591, 61 Pac. (2d) 404.

Section 12227, Revised Codes, provides: "The court may, either of its own motion or upon the application of the county attorney, and in furtherance of justice, order an action, information, or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes." By the enactment of this statute the legislature empowered the county attorney, in a proper case and in furtherance of justice, to apply to the court for an order for the dismissal of a pending criminal action and it empowered the court either of its own motion or upon the application of the county attorney, in furtherance of justice, to order that a criminal action be dismissed.

Pursuant to the power so expressly conferred upon it by section 12227, Revised Codes, the justice of the peace court heard the application of the county attorney. The court had the power to deny or grant this motion. With jurisdiction over the complaint and the person of the defendant it heard the motion to dismiss. It granted such motion and it set forth upon the minutes of the proceedings as the reasons of the dismissal that it was done upon motion of the county attorney and in furtherance of justice and for the reason that it appears to the court from the county attorney's motion and report of his investigation of the case that the evidence is insufficient to prove a public offense.

The issuance of a warrant of arrest is a judicial act which ██ can be exercised only by an officer who is authorized by law so to do. See 16 C. J. Title, Criminal Law p. 229, sec. 517; 22 C. J. S., Criminal Law, sec. 318. Likewise the making

of an order to dismiss a criminal action pursuant to the power given in section 12227, Revised Codes, is a judicial act for the court alone has the power to dismiss a criminal action. People v. Ward, 85 Cal. 585, 24 Pac. 785, 786. The rule is that the discretion of an inferior court, no matter how humble that tribunal may be, cannot be controlled by mandamus.

"It is a fundamental principle that mandamus lies only to ██ compel the performance of a duty which is in its nature purely ministerial and which is clearly and specifically required by law to be performed, involving no element of discretion and requiring no exercise of judgment on the part of the subordinate tribunal. If the act or duty rests wholly or in part in the discretion or judgment of the tribunal, mandamus will not issue to control its discretion or judgment, although the court may be required to proceed to exercise its discretion or judgment. Even when an act is ministerial in character, if the proper performance thereof involves discretion, the court will not direct a decision in a particular way." 5 Bancroft's Code Practice and Remedies, p. 5090, sec. 3812.

Discretion is the freedom to act according to one's judgment in the absence of a hard and fast rule. It does mean and can mean nothing else but exercising the best of the court's judgment upon the occasion that calls for it.

Mandamus may not be used to control or interfere with a █ proper exercise of judicial discretion and a court having jurisdiction may not be compelled to decide in a particular way, unless under the admitted facts discretion can be exercised in only one way.

The legislature has not attempted to define the phrase "in furtherance of justice" used in section 12227, Revised Codes, hence it is left for judicial discretion exercised in view of the constitutional rights of the defendant and the interests of society to determine what particular grounds warrant the dismissal of a pending criminal action. The reasons for the dismissal set forth and entered in the justice of the peace court docket, would

rather indicate an exercise by the court of its judicial discretion in making the order.

At the trial in the district court the respondent justice of the peace testified as follows:

"Q. You are the same Judge Gile who testified heretofore? A. Yes, sir.

"Q. Judge, tell the Court how you happened to dismiss the case? A. When the case was first filed I was waiting for something to turn up, for the sheriff to serve the warrant and bring the defendant into court. In the meantime, I think it was the next day, Mr. Higgins filed the motion to dismiss, stating his reason.

"Q. Did he tell you he talked to the various witnesses? A. Yes.

"Q. The sheriff, the patrolman? A. Sheriff and patrolman and one or two others I believe, and he also made the statement, maybe, I ain't got the exact words, that he didn't think there was evidence to sustain a conviction and he moved to dismiss the case.

"Q. Did you ever tell Mr. Niewoehner, or anybody else, the County Attorney dismissed the case? A. I don't think I did.

"Q. What did you say? A. I said I dismissed the case on motion of the County Attorney and on advice of the County Attorney.

"Q. Did you have in mind that was in the furtherance of justice when you did it? A. I did."

Approximately two months prior to the filing of the criminal complaint, Hansen, the accused, and four companions were involved in an automobile acident wherein relators' cow was alleged to have been killed. At the trial in the district court Mr. Higgins, the county attorney, on direct examination testified that following the happening of the accident he had talked with the sheriff and a highway patrolman who had investigated the accident and with the persons who were riding with Hansen at the time of the accident and that from what he learned

from such persons he had come to the conclusion that the facts surrounding the accident did not constitute a criminal offense; that at the time of filing the motion to dismiss two of the eye-witnesses were then in Helena, one in Boulder and one in the state of Oregon and that he so reported to and advised the justice of the peace at the time of presenting the motion to dismiss the action and that therefrom the matter of disposing of the motion was left entirely to the discretion of the justice of the peace.

From the above it is apparent that there was ample evidence before the district court to sustain its findings and judgment and since mandamus does not lie to control the discretion of the respondent justice of the peace court the judgment of the district court denying the writ and dismissing the petition must be and it is affirmed.

Mr. Chief Justice Lindquist and Associate Justices Morris, Angstman, and Cheadle concur.

Rehearing denied October 2, 1946. ·