[Civ. No. 26109.   Second Dist., Div. Four.   Oct. 30, 1962.]

DEANE L. CIVILLE et al., Plaintiffs and Respondents, v. HARRY E. BULLIS, Defendant and Appellant.

Frank De Marco, Jr., for Defendant and Appellant.

Samuel Duskin and David S. Smith for Plaintiffs and Respondents.

BURKE, P. J.—This is an action for rescission of a contract of sale of a business and for damages brought by Deane L. Civille and Evelyn M. Civille (Buyers) upon alleged failure of consideration and fraud of Harry E. Bullis (Seller), Defendants and respondents Joseph DuBrow and Dr. Seymour Myers, encumbrancers of the business, took no part in this appeal.

The facts relative to the issues raised on this appeal viewed most favorably to Buyers are as follows:

Buyers and Seller negotiated for the purchase and sale of a car wash business in Encino, California. The written agreement of the parties was set forth in escrow instructions wherein Seller obligated himself to obtain for Buyers valid assignments of the leases to the premises. The leases prohibited assignment without the consent of the lessor. Seller had been

the lessee in the said leases which had enabled Seller to operate the car wash. The assignments were therefore essential in order to enable Buyers to operate the car wash business.

The first escrow agreement is dated November 28, 1958. On December 30, 1958, an amendment to the escrow instructions was signed whereby Seller obligated himself to furnish the lease assignments outside of escrow thereby enabling escrow to close, and further enabling Seller to obtain $10,000 deposited into escrow by Buyers. Buyers went into possession of the car wash business prior to close of escrow. They operated it, made repairs to machinery and expended other sums required in the operation of the business in the belief that their possession of the premises was justified under the promised assignment of the leases.

On April 8, 1959, Buyers served upon Seller a notice of rescission and abandoned the premises, whereupon Seller retook possession.

One of Buyers, Deane L. Civille, testified that Seller orally represented to him on numerous occasions, both before and after the close of escrow, that the lessor had consented to the assignment of the leases and had further promised to furnish written assignments to the leases.

Ronald Civille, son of Buyer, Deane L. Civille, testified that Seller told him that he had talked to the lessor and she agreed to assign the leases to Buyers. He further testified that Seller assured him there was nothing to worry about. Seller stated on numerous occasions that he had the assignments.

Mrs. Louise L. Sullivan, lessor of the real property where the car wash was situated, testified that at no time did she ever tell Seller she consented or would consent to assignment of the leases. She testified further that she would not consent to the assignments because of the lack of financial stability and strength of the proposed assignees (Buyers). Her testimony further disclosed that on or about April 22, 1959, Seller, through his attorney, offered her the sum of $10,000 to execute assignments of the leases if she would back-date the assignments to December 1958. She further testified Seller never even spoke to her about purported assignments to Buyers until April 22, 1959.

It was conceded by Seller that he never did obtain a consent to the assignment of the leases but he denied making the oral representations concerning the consent of the lessor to the assignment.

The trial court found there was a failure of consideration

upon the Seller's admitted failure to deliver valid assignments of two leases to the business premises as promised by Seller in the contract of sale. Seller concedes for purposes of this appeal that the ultimate relief granted to Buyers may be justifiably granted upon a finding of failure of consideration.

The trial court further found Seller orally misrepresented to Buyers that oral consent to assign the leases had been obtained from the lessor and that written consents would be immediately forthcoming, thereby fraudulently inducing Buyers to change their position to their substantial injury.

Seller appeals only from that portion of the judgment which grants Buyers relief based upon allegations of fraudulent misrepresentation of facts in connection with the assignment of the leases to the business premises.

Seller contends that the record is entirely devoid of any substantial evidence upon which the court's finding of fraud may be based.

▆ A cause of action for fraud is proved when evidence discloses:

1) The making of a false representation concerning a material fact;

2) Knowledge of defendant that the representation was false, or defendant lacked honest belief in its truth, or defendant made the statement in a positive manner not warranted by the information which he possessed;

3) The statement was made with the intent to induce reliance; and

4) Plaintiff justifiably relied upon the false representation, thereby suffering damage. (Civ. Code, §§ 1572, 1709 and 1710; *Gagne* v. *Bertran,* 43 Cal.2d 481, 487-488 [275 P.2d 15].)

▆ In this case Seller falsely represented that he had obtained from lessor oral consent to assignment of the ground leases and that lessor had promised to furnish written assignments. These facts were supported by evidence of Seller's own admission that the assignments were never consented to and by the testimony of lessor that she had made no such promises to Seller. Such representations were false affirmations of fact within the meaning of Civil Code, section 1710, subdivision 1. (Also see *Nathanson* v. *Murphy,* 132 Cal. App.2d 363, 367 [282 P.2d 174].) Clearly the assignment of the leases constituted a material fact since it was an express condition in the contract of sale of the business. ▆ Seller knew that lessor had not consented to assign nor promised to furnish written assignments. Under such circumstances Seller

cannot assert that he reasonably believed in the truth of the representations nor that his misrepresentations were merely negligent. (See *Horrell* v. *Santa Fe Tank & Tower Co.*, 117 Cal.App.2d 114, 119 [254 P.2d 893].)

In reliance on Seller's representations Buyers were induced to and did enter into the contract to purchase the car wash business. They were induced to and did release the $10,000 from the escrow. They assumed other obligations of the business, made repairs to machinery and expended other sums all in reliance on Seller's representations as to the consummation of the lease assignments. These facts show a substantial change of position by Buyers to their detriment.

Buyers were not required to investigate as to Seller's ability to obtain the lease assignments when Buyers had been assured that they had been consented to by the lessor. "*Caveat emptor*" is inapplicable. Under such circumstances as are present here there is no duty to investigate. Furthermore, any possible "contributory negligence" of the Buyer is not a defense to the intentional tort of fraud. (*Seeger* v. *Odell*, 18 Cal.2d 409, 415 [115 P.2d 977, 136 A.L.R. 1291] ; *Anderson* v. *Thacher*, 76 Cal.App.2d 50, 70 [172 P.2d 583].) Hence, the mere existence of an opportunity to investigate or of sources of information will not preclude the buyer from relying upon the representations. (*Seeger* v. *Odell, supra*; *Lobdell* v. *Miller*, 114 Cal.App.2d 328, 338 [250 P.2d 357].) Buyers' reliance was justifiable in this case.

We hold that there is substantial evidence to establish that all of the elements of fraud are present in this case and that the fraud forms a proper basis for Buyers' cause of action to rescind the contract and for damages. (Civ. Code, § 1689, subd. 1.) The record discloses that both Seller and Buyers were in all respects accorded a fair trial. There is no basis for Seller's claim of prejudice or that the trial court erroneously excluded certain evidence.

The judgment is affirmed.

Jefferson, J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.