**APLICATIONS, INC., Plaintiff-Appellant,**

v.

**HEWLETT–PACKARD COMPANY, Defendant-Appellee.**

**No. 642, Docket 81–7599.**

United States Court of Appeals, Second Circuit.

Argued Feb. 1, 1982.

Decided Feb. 19, 1982.

Jerome J. Londin, New York City (Carro, Spanbock, Londin, Fass & Geller, Jean D. Thompson, New York City, of counsel), for plaintiff-appellant.

Nadine Strossen, New York City (Sullivan & Cromwell, Michael A. Cooper, New York City, of counsel), for defendant-appellee.

Before LUMBARD and VAN GRAAFEILAND, Circuit Judges, and BONSAL,* District Judge.

PER CURIAM:

In this non-jury action for fraudulent misrepresentation and negligent misrepresentation, tried before Judge Robert L. Carter (S.D.N.Y.), the district court held (1) that no false representations were made and (2) that plaintiff did not rely on the representations that were made. We affirm substantially for the reasons set forth in Judge Carter's memorandum opinion of July 21, 1981.

Appellant bought a minicomputer—the HP APL/3000—from Hewlett-Packard, planning to program the computer in the language "APL" for resale. Hewlett-Packard salesmen made glowing statements about the speed of the machine, and the company's technical brochures reported that tests of the HP APL/3000 showed the machine took less than two seconds to respond when it was hooked up to 12 terminals. Appellant's president and sole shareholder himself tried out the HP APL/3000 and was impressed. When installed, however, the HP APL/3000 proved much slower than its tests indicated. Appellant sued Hewlett-Packard, alleging breach of warranty, fraud and misrepresentation.

Judge Carter granted summary judgment to defendant on the warranty claims be-

---

* Honorable Dudley B. Bonsal, United States District Judge for the Southern District of New York, sitting by designation.

cause Hewlett-Packard's sale contract contained an express waiver of warranties. 501 F.Supp. 129 (1980). The district court dismissed the tort claims at trial, after the close of the plaintiff's case. Plaintiff appeals, arguing that the district court failed to apply California law, and that its findings of fact were clearly erroneous. We find no merit in either contention.

Reliance on the part of the plaintiff is an essential element of the cause of action for misrepresentation in California as it is elsewhere. *See Civille v. Bullis*, 209 Cal.App.2d 134, 137, 25 Cal.Rptr. 578 (1962). Judge Carter concluded that plaintiff's president and sole shareholder was more knowledgeable in the field of computer science than the representatives of the defendant with whom he dealt and much too knowledgeable to rely on publicity blurbs issued by the defendant. Judge Carter therefore found as a fact that plaintiff did not rely on representations by Hewlett-Packard. The record indicates this finding is not clearly erroneous; the finding is fatal to plaintiff's case no matter what jurisdiction's law is applied.

Affirmed.