656 P.2d 1209 (1982)
Gerald NICHOLSON, Appellant,
v.
STATE of Alaska, Appellee.
No. 6192.
Court of Appeals of Alaska.
December 30, 1982.
*1210 Myron E. Angstman, Bethel, and Walter Share, Anchorage, for appellant.
Charles M. Merriner, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.
Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION
SINGLETON, Judge.
Gerald Nicholson was convicted of sexual assault in the second degree, AS 11.41.420, and sentenced to seven years' imprisonment with six years suspended. He was also fined. He appeals, raising four issues for consideration. (1) The grand jury was improperly impaneled in Anchorage rather than Kodiak. (2) The evidence presented respectively to the grand and trial juries was insufficient to establish attempted sexual assault in the first degree. (3) The trial court erred in instructing the trial jury on second degree sexual assault because it was not charged in the indictment and it is not a lesser-included offense of attempted first degree sexual assault. (4) The sentence is excessive.
We hold that the grand jury was improperly impaneled in Anchorage rather than Kodiak but Nicholson has failed to show prejudice. We find sufficient evidence of attempted first degree sexual assault to sustain the indictment and warrant presentation to a trial jury and hold that Nicholson could be convicted of second degree sexual assault on this record. We also hold that his sentence was not excessive. We therefore affirm Nicholson's conviction and sentence.

FACTS
K.R., age fifteen, and her sister, A.R., age fourteen, remained at their home in Dillingham the night of June 10, 1980 and the early morning of June 11 while their parents were away from home commercially fishing. The two girls slept together in their parents' room. K.R. awoke at approximately 5:00 a.m. to find a naked Gerald Nicholson uninvited in bed with her, fondling her breasts, and kissing her. Taken by surprise, K.R. testified she hesitated for a moment, then jumped up, awakening A.R. who also immediately exited the bed. The frightened girls fled downstairs, armed themselves with butcher knives, telephoned a neighbor for help, and hid until the neighbor arrived. Nicholson was apprehended and identified.
While K.R. had seen Nicholson before, there is nothing in the record to suggest that he had reason to expect that K.R. would expect or welcome a visit from him during the early morning hours of June 11.

SITUS OF THE GRAND JURY
Nicholson accosted K.R. in Dillingham in Election District Thirteen in the Third Judicial District. Grand juries convened in Kodiak are established to consider offenses occurring in Dillingham. See Alaska R.Crim.P. 6(b)(1)(v). Thus, it appears that the Anchorage grand jury impermissibly heard Nicholson's case. Peterson v. State, 562 P.2d 1350, 1365-66 (Alaska 1977). The state attempts to avoid this conclusion by pointing to an order by the then presiding judge of the Third Judicial District which read as follows:
 IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
 THIRD JUDICIAL DISTRICT
In the Matter of Convening )
Grand Juries in the Third )
Judicial District )
____________________________)

ORDER
IT IS ORDERED that pursuant to Alaska Rule of Criminal Procedure 6(b)(2), Grand Juries may be convened in Anchorage, Alaska for crimes occurring in election districts 11, 12, 13 and 15 for the convenience of witnesses, defendants, other parties and for the court to provide for the expeditious resolution of criminal cases in the public interest.
DONE at Anchorage, Alaska this 1 day of July, 1980.
 Ralph E. Moody
(SEAL) Presiding Superior
 Court Judge
 Third Judicial
 District
*1211 The state argues that this order permits Anchorage grand juries to hear evidence of any offense occurring in Election District Thirteen, at the apparent option of the district attorney, and is justified by Alaska Rule of Criminal Procedure 6(b)(2) which reads:

Special Sites. The presiding judge of a judicial district shall be empowered to call a special grand jury to be convened at a site other than the site designated in the preceding subsection, if the presiding judge determines that the designation of a special site is necessary in the interests of justice.
In Peterson, the court rejected this argument holding that an order by the presiding judge which establishes an alternate site for a grand jury to consider all offenses within a given election district exceeded the authorization provided in Criminal Rule 6(b)(2). 562 P.2d at 1365. We read Peterson to hold that a valid order under this subsection must address a specific case or specific subject for investigation and establish that factors differentiating that case or subject from typical cases warrants a special grand jury. Since the order in question did not address Nicholson personally, it could not authorize an Anchorage grand jury to hear his case.
It could always be argued that grand juries in Anchorage cost the court system less and are more convenient for the district attorney's office than grand juries convened in Kodiak. These factors standing alone cannot justify a special grand jury under Criminal Rule 6(b)(2). We conclude that the presiding judge's order of July 1, 1980 violated Criminal Rule 6 and is, therefore, invalid.
The Peterson court held that a dismissal of the indictment is not warranted for violations of Criminal Rule 6 unless the defendant establishes that a cognizable group of citizens has been systematically excluded from the grand jury selection process. The supreme court concluded that merely showing that a cognizable group exists and that such a group is underrepresented on the grand jury which returned the indictment will not suffice. 562 P.2d at 1366. Here, Nicholson's showing parallels the showing found insufficient in Peterson. We therefore uphold the trial court's order denying dismissal of the indictment.
Nicholson argues that he sought a continuance to gather evidence to satisfy the Peterson requirement and that the trial court abused its discretion in denying him a continuance for that purpose. No formal motion for a continuance was ever made or ruled upon. Nicholson made a passing reference to the possible need for a continuance in the body of his memorandum supporting his motion to dismiss. He never followed up on this issue or mentioned a continuance at the omnibus hearing when his motion to dismiss was argued. Therefore, we deem the request for a continuance abandoned.
We recognize that the order by the presiding judge relied upon by the state in this case violated Criminal Rule 6 as interpreted in Peterson in general and not only in this case. We also recognize that the showing that a cognizable group was completely excluded as required by Peterson will rarely be possible. For this reason, Nicholson argues that his indictment should be dismissed to insure future conformity to the rule. We do not believe such action is warranted at this time. We are confident that the superior court will henceforth follow Peterson and uniformally call grand juries at the designated sites to consider offenses arising within these election districts specified in Criminal Rule 6. We are further satisfied that the superior court will only utilize a special grand jury where the exigencies of a specific case demand it.

SUFFICIENCY OF THE EVIDENCE
Nicholson argues that there was insufficient evidence to take the issue of attempted first degree sexual assault to either the grand jury or the petit jury. Nicholson did not testify. He argues, nevertheless, that his conduct would only support an inference that he wished to have sexual contact with a sleeping woman, i.e., fondle *1212 her breast. He notes that uninvited sexual contact with a sleeping woman is not a crime under current Alaska law.
AS 11.31.100(a) provides:
A person is guilty of an attempt to commit a crime if, with intent to commit a crime, he engages in conduct which constitutes a substantial step toward the commission of that crime.
AS 11.41.410 provides in part:
(a) A person commits the crime of sexual assault in the first degree if,
(1) [B]eing any age, he engages in sexual penetration with another person without consent of that person... .
AS 11.41.470 provides in part:
(3) "[W]ithout consent" means that a person
(A) With or without resisting, is coerced by the use of force against a person ... or by the express or implied threat of ... imminent physical injury .. .
Finally, AS 11.81.900(b)(40) provides:
"[P]hysical injury" means physical pain or an impairment of physical condition.
We believe a jury could reasonably infer that Nicholson intended to "penetrate" K.R. and that entering her bed naked and uninvited and fondling her were "substantial steps" toward the commission of that crime. We are satisfied that a jury could conclude that if Nicholson had intended only sexual contact, he would not have undressed before entering her bed and that if he did not intend to coerce her he would not have entered her home uninvited in the early morning hours when a jury could find that he knew her parents would be gone.
The issue of attempted first degree sexual assault was properly submitted to the grand jury and the petit jury. See State v. Kekaualua, 50 Hawaii 130, 433 P.2d 131 (1967); People v. Shealy, 51 N.Y.2d 933, 434 N.Y.S.2d 986, 415 N.E.2d 974 (1980).
Nicholson argues that he could not be convicted of second degree sexual assault because it was not mentioned in the indictment and is not a lesser-included offense of attempted first degree sexual assault.
We agree that second degree sexual assault and attempted first degree sexual assault are both class B felonies, but the adjective "lesser" in Criminal Rule 31(c) refers to the relation between the elements of an offense not the relation between their penalties. Grand juries are concerned with facts, not statutes. See State v. Thomas, 525 P.2d 1092 (Alaska 1974). Under the cognate theory of lesser-included offenses generally followed in Alaska, see Elisovsky v. State, 592 P.2d 1221, 1226 (Alaska 1979), the facts found by the grand jury in this case should be examined to determine whether Nicholson had notice that he might be convicted of second degree sexual assault. Attempted sexual assault in the first degree and sexual assault in the second degree are closely related. Sexual penetration involves sexual contact and both offenses proceed on a theory of coerced assent. We conclude that the grand jury proceedings gave Nicholson sufficient notice of the risk that he might be convicted of second degree sexual assault to satisfy due process. The evidence before the grand jury did not differ materially from the evidence at trial. We note that Nicholson had access to a transcript of the grand jury proceedings. Alaska R.Crim.P. 6(m). It is clear that the indictment for first degree sexual assault was premised on Nicholson's sexual contact with K.R. when she woke up.
Nicholson argues that there was insufficient evidence to convict him of sexual assault in the second degree. AS 11.41.420(a) provides:
A person commits the crime of sexual assault in the second degree if he coerces another person to engage in sexual contact by the express or implied threat of imminent death, imminent physical injury, or imminent kidnapping to be inflicted on anyone or by causing physical injury to any person, regardless of whether the victim resists.
AS 11.81.900(b)(51) provides:
"[S]exual contact" means
(A) the intentional touching, directly or through clothing, by the defendant of *1213 the victim's genitals, anus, or female breast; or
(B) the defendant's intentionally causing the victim to touch, directly or through clothing, the defendant's or victim's genitals, anus, or female breast.
AS 11.81.900(a)(1) provides:
[A] person acts "intentionally" with respect to a result described by a provision of law defining an offense when his conscious objective is to cause that result.
Nicholson intentionally engaged in sexual contact when he fondled K.R.'s breast. He argues, however, that he did not "coerce her to engage in sexual contact." We disagree. The evidence supports a finding that Nicholson could reasonably foresee that K.R. would be momentarily stunned by fear caused by Nicholson's unexpected and uninvited entry into her bed, in the early morning hours, enabling him to continue to caress her after she awoke. She testified she was temporarily in shock, and that she was afraid he would hurt her. Under these circumstances, we believe that a jury could find that K.R.'s momentary acquiescence in Nicholson's fondling her breast was "coerced by an implied threat of imminent physical injury" and thus constituted second degree sexual assault.

SENTENCE
Nicholson argues that his sentence of seven years with six years suspended is excessive. Sexual assault in the second degree is a class B felony. AS 11.41.420(b). The maximum sentence is ten years' imprisonment. Presumptive sentences are respectively four and six years for second and third felony convictions. AS 12.55.125(d). The trial court carefully considered the criteria established by our supreme court in State v. Chaney, 477 P.2d 441 (Alaska 1970). In suspending most of the sentence imposed, the trial court specifically addressed rehabilitation and emphasized Nicholson's need for alcohol counseling. We have reviewed the record in light of Austin v. State, 627 P.2d 657 (Alaska App. 1981), and have concluded that the sentence imposed was substantially more favorable than the presumptive term for a second offender, Connors v. State, 652 P.2d 110 (Alaska App. 1982), and was not clearly mistaken. McClain v. State, 519 P.2d 811 (Alaska 1974).
The judgment and sentence of the superior court are AFFIRMED.