John M. BROWER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–716.

Court of Appeals of Alaska.

Nov. 28, 1986.

Christine Schleuss, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

John M. Brower was convicted, following a court trial, of harassment, AS 11.61.-120(a)(5), a class B misdemeanor, attempted second-degree sexual assault, AS 11.31.-100(a) and 11.41.420(a), a class C felony, and second-degree sexual assault, AS 11.-41.420(a)(1), a class B felony. Brower appeals his sexual assault and attempted sexual assault convictions. We find that there was insufficient evidence to support those convictions and reverse.

John Brower was charged with several counts involving sexual misconduct. The convictions from which Brower appeals involved J.L. J.L. testified to the grand jury that he was sixteen years old at the time of

the incidents. J.L. lived with Brower in Barrow.

J.L. testified before the grand jury about several incidents involving Brower. J.L. testified about an incident which occurred when he was watching TV in the living room of Brower's home. J.L. stated that Brower entered the room, approached J.L., and began to rub J.L. on the back and legs. J.L. allegedly told Brower to stop, but Brower continued, unbuckling J.L.'s belt. J.L. became scared and began wrestling with Brower. Brower then purportedly threw J.L. on the floor. J.L. picked up a metal coffee cup and threatened Brower, who then discontinued his advances. J.L. stated that he received a bruise from the fall. J.L. moved out of Brower's house for three days, then returned. This incident gave rise to Count IX, charging attempted first-degree sexual assault, for which the Judge convicted Brower of the lesser included offense of attempted second-degree sexual assault.

J.L. also testified that Brower approached J.L. one night as J.L. was going to sleep. Brower allegedly began to rub J.L.'s penis. No further testimony was presented. This incident gave rise to Count XI (second-degree sexual assault).

At trial, J.L. testified regarding another incident, describing Brower's actions: "He tried to hump on me, so I told him no." However, J.L. totally recanted his descriptions of the incidents which had given rise to the sexual assault charges. The state successfully impeached J.L. with his grand jury testimony.

Following the close of the state's case, Brower moved for a dismissal of all counts on the grounds of insufficient evidence. Judge Jeffery denied Brower's motion.

Brower took the stand in his own defense. He testified that he gave J.L. backrubs without any sexual intent. Brower denied that he had ever used any physical force or threats to encourage J.L.'s unwilling participation in sexual acts. Brower testified that he had only physically struggled with J.L. once, that being an unrelated matter. In addition, Brower denied all sexual contact with J.L. during the period of the charged offenses.

In evaluating an appeal based upon sufficiency of the evidence, the reviewing court reviews the evidence in the light most favorable to the state. *Dorman v. State*, 622 P.2d 448, 453 (Alaska 1981); *Ross v. State*, 586 P.2d 616, 618 (Alaska 1978). The standard is whether the finding of guilt is supported by substantial evidence. The evidence must support a conclusion by a reasonable mind that there was no reasonable doubt about the defendant's guilt. *Id.*

■ The state concedes that there was insufficient evidence to support a conviction on count XI, charging second-degree sexual assault.[1] The evidence supporting count XI, J.L.'s grand jury testimony, was as follows:

Q After that, just before Christmas of '83, this last Christmas, when you were again in your bedroom, did John do something funny again to you?

A Um-hum.

Q That time when you were in the bedroom, what were you doing? Watching TV or something?

A I was going to sleep.

Q Going to sleep. Did you have yourself undressed for bed, or what kind of clothes did you have on?

A I just had my underwear and my T-shirt on.

Q When you were about to go sleep, did John Brower come into the room?

A Yeah.

Q And what did he do when he came in?

---

1. AS 11.41.420(a)(1) provides:
   *Sexual assault in the second degree.* (a) An offender commits the crime of sexual assault in the second degree if the offender engages in

   (1) sexual contact with another person without consent of that person.

A  He climbed on the bed and started rubbing me again. I told him to stop. I got up and (indiscernible).

Q  And when you say he was rubbing you again, was that in the same place, on the penis?

A  Um-hum.

The state concedes that there is an insufficient showing of reckless disregard of J.L.'s non-consent to sustain the conviction. Although a confession of error is entitled to great weight, this court must conduct an independent review. *Brown v. State*, 693 P.2d 324, 328 (Alaska App.1984).

Circumstances establishing an inference of reckless disregard of the victim's non-consent were found in *Nicholson v. State*, 656 P.2d 1209 (Alaska App.1982). In that case, the defendant was charged with sexual contact by coercion under former AS 11.41.420(a). The defendant had entered the victim's house uninvited, then undressed and entered the victim's bed. The victim had seen the defendant before, but there was no evidence to suggest any sort of relationship between them. We stated:

> The evidence supports a finding that Nicholson could reasonably forsee that [the victim] would be momentarily stunned by fear caused by Nicholson's unexpected and uninvited entry into her bed, in the early morning hours, enabling him to continue to caress her after she awoke. She testified she was temporarily in shock, and that she was afraid he would hurt her. Under these circumstances, we believe that a jury could find that [the victim's] momentary acquiescence in Nicholson's fondling her breast was *"coerced by an implied threat of imminent physical injury"*....

*Id.* at 1213 (emphasis added).

■  We believe that *Nicholson* is readily distinguishable. Given the close relationship between Brower and J.L., Brower's actions cannot be found to have been in reckless disregard of J.L.'s lack of consent.

Therefore we conclude that there is insufficient evidence to support count XI. Brower's conviction on that charge is reversed.

Brower was also convicted on Count IX of the lesser included offense of attempted second-degree sexual assault. This count stems from J.L.'s grand jury testimony in which he claimed to have used a coffee cup to thwart Brower's advances. J.L.'s grand jury testimony, if repeated at trial, would have been sufficient to sustain a conviction for attempted second-degree sexual assault. However, the problem lies in J.L.'s retracting this portion of his grand jury testimony at trial.

There is no question that J.L.'s grand jury testimony could be considered as substantive evidence in support of the charges against Brower. Statements which are admitted as prior inconsistent statements under Alaska Rule of Evidence 801(d)(1)(A)[2] may be used as substantive evidence. *Beavers v. State*, 492 P.2d 88, 94 (Alaska 1971); *Van Hatten v. State*, 666 P.2d 1047, 1050–51 (Alaska App.1983); commentary to A.R.E. 801(d) at 221. The question is whether J.L.'s essentially uncorroborated prior inconsistent statement to the grand jury is sufficient to convict Brower, given J.L.'s subsequent retraction of his grand jury testimony.

Brower cites two cases in which courts have concluded that there was insufficient evidence to support a conviction when the only evidence of an element of the crime was a witness's prior inconsistent statement; *U.S. v. Orrico*, 599 F.2d 113 (6th Cir.1979), *Moore v. State*, 473 So.2d 686 (Fla.App.1984), *aff'd*, 485 So.2d 1279 (Fla. 1986). In *Orrico*, the government tried to establish that the defendant gave instructions to deposit a check. The government's witness testified at trial that he could not remember who told him to deposit the check. The government impeached the witness with grand jury testimony in which the witness had said that the defendant

**2.** A.R.E. 801(d)(1)(A) provides in pertinent part:

(d) *Statements Which Are Not Hearsay.* A statement is not hearsay if

(1) *Prior Statement by Witness.* The declarant testifies at the trial or hearing and the statement is

(A) inconsistent with his testimony.

gave him the instructions to deposit the check. 599 F.2d at 117. The court held that the impeachment evidence, while admissible as substantive evidence for purposes of conviction, was insufficient to establish that the defendant gave the witness instructions to deposit the check. In reaching this decision, the court stated:

> Rule 801(d)(1)(A) [admitting prior inconsistent statements as substantive evidence] will theoretically enable a party to make out a prima facie case even if his only evidence is a previous inconsistent statement of this type. Under the orthodox rule, "if the only evidence of some essential fact is such a previous statement, the party's case falls."
>
> It is doubtful, however that in any but the most unusual case, a prior inconsistent statement alone will suffice to support a conviction since it is unlikely that a reasonable juror could be convinced beyond a reasonable doubt by such evidence alone.

*Id.* at 118 (quoting 4 Weinstein's Evidence 801–74). The *Orrico* court concluded that, although there might be some unusual cases, generally evidence of an uncorroborated prior inconsistent statement is not sufficient to establish evidence of a central

element of the crime charged.[3] *Id.* at 118–19.

The state points out that both J.L. and Brower testified at trial and that the trial judge was able to observe their demeanor when testifying and thereby assess their credibility. The state also directs our attention to evidence that Brower sent J.L. a note prior to trial, telling J.L. that he loved him, and to other evidence indicating that Brower wanted J.L. to live with him. The state contends that from this evidence, the trial judge could conclude that Brower had influenced J.L. to change his testimony.

■ We find the reasoning of *U.S. v. Orrico* persuasive in this case. Based upon our review of the record, we conclude that there was insufficient evidence to convict Brower of Count IX. J.L. retracted his grand jury testimony and that testimony was inadequately corroborated. J.L.'s grand jury testimony does not comprise sufficient evidence to sustain Brower's conviction.[4] We therefore reverse his conviction on that charge. We order the trial court to enter a judgment of acquittal on Counts IX and XI.[5]

REVERSED and REMANDED.

---

**3.** In *Moore v. State,* 473 So.2d 686 (Fla.App. 1984), *aff'd,* 485 So.2d 1279 (Fla.1986), two witnesses testified at the grand jury, identifying the defendant as the person who committed a murder. These witnesses recanted their testimony in a deposition. The witnesses were prosecuted for perjury and, in entering a plea to that charge, stated that their deposition testimony was truthful. 473 So.2d at 687. Moore was convicted of second-degree murder based on the grand jury testimony of the witnesses who had been convicted of perjury. The court, following the *Orrico* case, held the evidence was insufficient. 485 So.2d at 1280–82.

*See also State v. White Water,* 634 P.2d 636 (Mont.1981) (conviction cannot rest solely on prior inconsistent statement where the accuracy of the prior statement is repudiated by witness at trial). *State v. Allien,* 366 So.2d 1308 (La. 1978) (conviction cannot rest on prior inconsistent statement which was recanted at trial). It appears that these last two cases are distinguishable from the present case because the prior inconsistent statements were not made under oath.

**4.** *Van Hatten v. State,* 666 P.2d 1047 (Alaska App.1983) and *Richards v. State,* 616 P.2d 870

(Alaska 1980) are distinguishable. Richards did not challenge the sufficiency of the evidence on appeal. 616 P.2d at 871–72. In *Van Hatten,* the alleged victim stated at trial that she could not remember the attempted sexual assault on her with which her father was charged. The court in *Van Hatten* held that the daughter's grand jury testimony setting forth her earlier statement of the offense was admissible as a prior inconsistent statement and could be considered as substantive evidence. 666 P.2d at 1051. The court also held that the admission of the statement did not violate Van Hatten's constitutional right to confrontation. *Id.* at 1053. Sufficiency of the evidence to prove the charge against Van Hatten was not raised as an issue. However the discussion in the case makes it clear that the grand jury testimony was corroborated and that the witness testified at trial that the prior statement was made and that it was true. *Id.* at 1054.

**5.** Our disposition of these issues makes it unnecessary for us to decide the other issues Brower raises.