No. 92-453

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

     Plaintiff and Respondent,

-vs-

LYNN C. CUMMINS,

     Defendant and Appellant.

FILED

APR 6 - 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Jeannette Ellen Berry; Berry & Bordy, Bozeman,
Montana

     For Respondent:

          Hon. Marc Racicot, Attorney General; Micheal
Wellenstein, Assistant Attorney General, Helena,
Montana
Mike Salvagni, Gallatin County Attorney; Jane
Mersen, Deputy County Attorney, Bozeman, Montana

FILED

Filed: APR 6 1993

Ed Smith
CLERK SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   January 21, 1993

Decided:   April 6, 1993

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Eighteenth Judicial District, Gallatin County, the Honorable Larry W. Moran presiding. We affirm.

The issue presented is whether the District Court erred in denying the defendant's motion to dismiss the complaint based on an unreasonable delay in the execution of an arrest warrant.

In 1988 and 1989, appellant Lynn C. Cummins (Cummins) maintained two separate checking accounts; one in the name of Cheri L. Cummins (the "Cheri" account) and one in the name of Lynn C. Cummins (the "Lynn" account). On her checks, the "Cheri" account listed her post office box number, while the "Lynn" account listed her street address.

Prior to the misdemeanor charge leading to this appeal, Cummins answered a complaint filed on May 1, 1989, charging her with issuing bad checks, a misdemeanor, on the "Cheri" account. When the arrest warrant issued in that case, Cummins complied with the sheriff's department's direction to appear in Justice Court on the charge. After she made restitution on those checks and complied with other conditions, the court dismissed that complaint.

In August 1989, Cummins was again charged with issuing bad checks, a misdemeanor, for checks written on the "Lynn" account between September 25, 1988, and November 22, 1988. A sworn complaint was made on August 2, 1989, and an arrest warrant issued that day. The warrant was delivered to and logged with the sheriff's department on August 11, 1989. The warrant was executed

2

May 1, 1991, one year and nine months from the date it was issued. This means that Cummins was arrested two years and five months from the date of the offense.

Cummins testified that she was under the impression that all of her outstanding checks were included in the May 1989 prosecution, and that to her knowledge, she did not receive notice that there were checks outstanding on the "Lynn" account.

Cummins moved to dismiss the complaint in Justice Court on July 9, 1991. She argued that the delay in executing the arrest warrant was unreasonable, therefore it violated her due process rights. Cummins does not claim prejudice on appeal or explain how she might have been prejudiced by any delay. She claims that because she had no notice of the complaint for a period of twenty-one months, her due process rights were violated. She also argued in her motion that the delay violated the "spirit" of the one-year statute of limitations for commencing prosecution of a misdemeanor. On July 2, 1991, the court denied her motion to dismiss and found her guilty of issuing bad checks. Cummins appealed to the District Court for a trial de novo and, on January 31, 1992, she filed a similar motion to dismiss in the District Court. Following submission of briefs and a hearing, the District Court denied her motion to dismiss on February 10, 1992.

On June 11, 1992, by stipulation and pursuant to § 46-12-204(3), MCA, Cummins pled guilty to the charged offense, reserving the right to appeal from the District Court's denial of her motion to dismiss. The District Court accepted her plea of guilty to the

3

misdemeanor charge of issuing bad checks and issued an order deferring imposition of her sentence for six months on the condition that she pay $194.89 in restitution and perform 40 hours of community service. The sentence was stayed pending the outcome of this appeal.

The issue on appeal is whether the District Court abused its discretion in denying Cummins' motion to dismiss the complaint. She argues that the complaint should have been dismissed for unreasonable delay in prosecution under the authority of § 46-13-401(1), MCA, which provides in part: "The court may . . . in furtherance of justice, order a complaint . . . to be dismissed. . . ." As this Court noted in State ex rel. Anderson v. Gile (1946), 119 Mont. 182, 187, 172 P.2d 583, 586:

> The legislature has not attempted to define the phrase "in furtherance of justice" . . ., hence it is left for judicial discretion exercised in view of the constitutional rights of the defendant and the interests of society to determine what particular grounds warrant the dismissal of a pending criminal action.

The statute of limitations for prosecuting a misdemeanor in Montana is set forth in § 45-1-205(2)(b), MCA, which states that "[a] prosecution for a misdemeanor must be commenced within 1 year after it is committed." The prosecution is commenced when the complaint is filed. Section 45-1-205(7), MCA. In this case the State filed the complaint in a timely fashion, approximately nine months after the alleged commission of the offense. Although Cummins admits the State filed its complaint within the statute of limitations, she argues that "reasonable diligence is also required in executing the arrest warrant to effectively toll the statute of

4

limitations." We need not decide the case in this basis.

The District Court determined that the warrant was not "stale" under the circumstances of the case. Cummins testified at trial that her real name was Cheri Lynn Cummins, not Lynn C. Cummins--the name on the checks. Although the sheriff's department had an address for Cummins, when they attempted to serve her at that address they found no one home. When they finally contacted her husband at that address he told the deputy that he and Cummins were separated and that she was living in Missoula, even though this was not true. Her husband did not tell her that the sheriff's department wanted to speak with her.

Between August 1988 and February 1990, Cummins and her husband lived at the address stated on her checks. However, Cummins lived there sporadically in January and February of 1990 as she and her husband were "fighting." Between February and the time she was arrested, she lived at six different locations in Gallatin County for short periods of time, including places in Bozeman, West Yellowstone, and Amsterdam. She also worked in at least seven different locations during that period.

In attempting to serve her with the warrant, the sheriff's department went through a checklist of potential information sources. A sergeant with the department testified that the warrant in this case was worked approximately fives times as much as the other misdemeanor warrants they had on file.

The record indicates that the sheriff's department personnel do not have unlimited resources to track down every lead in their

5

effort to serve arrest warrants. The department received approximately 2,000 arrest warrants during 1989, 1990 and 1991 and the volume makes it nearly impossible to follow up on every lead.

This was recognized by the District Court in denying Cummins' motion to dismiss the complaint where it noted:

> I think we have to interpret these regulations with some degree of practicality. The sheriff in a bad check case cannot spend all of his time day after day after day trying to track down a person that writes bad checks, particularly a person who is writing bad checks out of two accounts under two different names at the same time. And that's precisely the circumstance the evidence, at least insofar as the pleadings are concerned, indicated here. I feel that the case is not stale, and the Motion to Dismiss is denied.

We find the State did not violate the statute of limitations or Cummins' due process rights.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6

April 6, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jeannette Ellen Berry
Berry & Bordy
2631 West Main Street
Bozeman, MT 59715

Hon. Joseph P. Mazurek, Attorney General
Michael Wellenstein, Assistant
215 N. Sanders, Justice Building
Helena, MT 59620

Michael Salvagni, Gallatin County Attorney
Jane Mersen, Deputy County Attorney
615 South 16th Avenue, Room 100
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *M. Tudor*
     Deputy