424 So.2d 920 (1982)
STATE of Florida, Appellant,
v.
Gene A. MOORE, Appellee.
No. 82-370.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Rehearing Denied January 27, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellee.
DOWNEY, Judge.
Appellee, Gene Arthur Moore, was indicted by the Palm Beach County Grand Jury for murder in the first degree. From an order granting appellee's motion to dismiss the indictment, the State has perfected this appeal.
It appears from the briefs of the parties that the State obtained statements from four eye witnesses who identified appellee as the person who committed the homicide in question. Two of the four testified under oath before the grand jury. Subsequently, all four of the said witnesses recanted in sworn statements. Thereupon, appellee moved to dismiss the indictment pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), on grounds that there were *921 no disputed issues of fact and the undisputed facts fail to establish a prima facie case of guilt. The thrust of appellee's motion was that the State has no remaining witness who could identify appellee as the perpetrator of the crime. The State filed a response to appellee's motion to dismiss acknowledging that the four eye witnesses had changed their testimony. The response alleges that the four witnesses are prostitutes for the appellee and one is related to him. The State conceded that, as the law presently exists, if the State has no substantive evidence to identify appellee as the person who committed the crime, the court must grant the motion to dismiss. However, the State's response advised the trial court that the State would not nolle pros the case and intended to ask the appellate court to revisit the question of the limited admissibility of the prior statements. Finally, the State requested the trial court to admit the recanted, prior inconsistent statements as substantive evidence of the crime and allow the jury to decide which statement is the more credible.
In its order granting the motion to dismiss the trial court stated that the State acknowledged the present status of the law in Florida is that prior inconsistent statements are admissible only for impeachment and not as substantive evidence. However, the trial court observed,
Nevertheless, the State has not filed a nolle prosequi of this case. Instead, the State prefers this Court to enter its order of dismissal so that the State can take an appeal therefrom, alleging error on the part of this Court  an inconsistent position to say the least. But, as President Harry Truman observed, `The buck stops here!'
On appeal the State contends that the prior inconsistent statements were admissible as substantive evidence. Appellee responds with the suggestion that the State cannot tender a position to the trial court and then successfully offer a different basis for reversal on appeal. It must be remembered that, while the prosecutor trying the case was under the impression that Florida law precluded use of the statements as substantive evidence (because that is what the existing case law holds), he advised the trial court that he would not nolle pros the case because he wanted to try to get the appellate court to change that rule and allow the admission of such statements for consideration by the jury. The prosecutor did not say that dismissal was proper and then stop; rather, he said dismissal was proper but that the State would seek review of any order granting dismissal and argue to an appellate court that dismissal was erroneous. Under these circumstances the State is not estopped from asking this court to reverse the order dismissing the indictment against appellee. As we shall point out hereafter, the prosecutor was mistaken in his understanding of the current status of Florida law on the question. We do not say that critically because there are several Florida cases that held prior inconsistent statements are admissible only for impeachment. The change in the law is of recent vintage and has come about in Florida because of the adoption of the Florida Evidence Code. Thus, there was good reason for the prosecutor and the trial court to assume the statements were not admissible as substantive evidence, and that therefore the State could not survive a motion for judgment of acquittal. Although he was mistaken about the status of the law, the prosecutor was completely candid with the court, and such candor is to be encouraged. In view of his complete disclosure to the trial court and in view of the seriousness of the charge in this case, we have no difficulty in treating the question on appeal.
Adverting now to the merits of the appellate question, we hold that the cases decided before the advent of the Florida Evidence Code, which held that prior inconsistent statements could not be admitted as substantive evidence but only for impeachment, are now modified by Section 90.801(2)(a), Florida Statutes (1981), which provides:
"(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning *922 the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition;".
The problem envisioned, though rarely discussed, in the cases announcing the old rule was that the prior statement of a witness was hearsay as to the defendant on trial, because there was no confrontation and no cross examination. However, there has been a strong movement in later years against the exclusion of such statements as hearsay. The historical background for this change in the rule is set forth in the Notes of Advisory Committee on Proposed Rules, Fed.Rules Evid.Rule 801, 28 U.S.C.A. 528-531; however its inclusion would unduly lengthen this opinion. It should suffice to consider the commentary to Section 90.801, Florida Statutes, which, in pertinent part, states:

Paragraph (a) This paragraph excludes from the definition of hearsay certain out-of-court statements by a witness who testifies at the trial or hearing and is subject to cross-examination. Since the declarant is in court and may be cross-examined in regard to the statement, the dangers inherent in hearsay testimony are minimized. See 5 Wigmore, Evidence §§ 1361-1362 (3rd ed. 1940). The prior statement may be used as substantive evidence. It is unrealistic to believe that a jury properly discriminates when told to accept certain evidence as bearing only on the credibility of the witness. The prior statement may be more reliable than the present testimony. -6C F.S.A. 238
The rationale behind the rule change is set forth in Ladd, Some Highlights of the New Federal Rules of Evidence.[1] 1 Fla.St.U.L. Rev. 191, 200. See also: California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); DiCarlo v. United States, 6 F.2d 364 (2d Cir.1925); United States v. DeSisto, 329 F.2d 929 (2d Cir.1964).
Accordingly, the State, in this case, is not without substantive evidence of the crime, which may be considered by the jury if the requirements of Section 90.801(2)(a) are complied with. Therefore, the order granting appellee's motion to dismiss is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
BERANEK and WALDEN, JJ., concur.
NOTES
[1] The ... rule is sound in reason and is practical and realistic. The witness who perceived the events in issue is present in court and has given testimony of those events under oath. If he admits making the inconsistent statement, he has the opportunity to explain it. If his explanation is not acceptable to the triers of fact, they may use what he admitted to be a prior inconsistent statement to discredit his testimony. If the triers of the fact believed the witness spoke the truth in the prior statement that he admitted making, it is not reasonable to expect the triers to limit its use to credibility in their decision-making process regardless of a court's instruction that it may be used to discredit but not to prove. The mental gymnastics required to articulate and segregate the use of prior statements for impeachment purposes only makes the limitation rule a formalistic fiction in disregard of realism.