452 So.2d 559 (1984)
Gene A. MOORE, Petitioner,
v.
STATE of Florida, Respondent.
No. 63315.
Supreme Court of Florida.
June 21, 1984.
*560 Richard L. Jorandby, Public Defender and Louis G. Carres, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for respondent.
BOYD, Justice.
We have for review a decision of a district court of appeal, State v. Moore, 424 So.2d 920 (Fla. 4th DCA 1982). The decision expressly and directly conflicts with decisions of this Court and other district courts of appeal on the question of the use of a witness's prior inconsistent statements as substantive evidence of the defendant's guilt in a criminal case. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Because this Court's earlier decisions prohibiting the use of prior inconsistent statements as substantive evidence have been superseded by legislative action, we recede from those earlier holdings and approve the decision below.
Petitioner Gene Moore was indicted for first-degree murder. The state obtained statements from four witnesses present at the crime, two of whom testified before the grand jury. Later, after all four witnesses recanted their prior statements, petitioner filed a motion to dismiss on the ground that the state would be unable to make out a prima facie case against him. The state agreed that under existing Florida case law prior inconsistent statements could not be used as substantive evidence and that the indictment should therefore be dismissed, but stated that it would appeal as to the use of the prior sworn grand jury testimony as substantive evidence.
On appeal the district court reversed, holding that the use of prior inconsistent statements as substantive evidence is now authorized by the Florida Evidence Code, which took effect on July 1, 1979. Section *561 90.801(2)(a), Florida Statutes (1981), provides:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition.
The district court construed this provision to authorize the use of grand jury testimony of a witness as substantive evidence of guilt and not just for impeachment purposes. 424 So.2d at 921-22.
In this appeal petitioner does not challenge the district court's holding that prior inconsistent statements can be used as substantive evidence, but rather argues that such statements can only be used if they were given at a trial, hearing, deposition, or other proceeding in which the declarant was subject to cross-examination. Additionally, petitioner argues that the district court erred in denying his motion to dismiss the appeal on the grounds that the state had failed to properly preserve the issue for appeal by acquiescing in the trial court's dismissal of the indictment. We find this latter argument to be without merit. The record shows that the state raised the question of admissibility of the statements as substantive evidence and advised the court that it believed prior inconsistent statements could be used as substantive evidence and would appeal on that ground. Therefore we believe the state sufficiently raised and preserved the issue argued on appeal.
The district court found support for its construction in the legislative history of the Florida Evidence Code. The Florida Law Revision Council, which drafted the Code pursuant to legislative authority and in turn recommended it for adoption by the legislature, wrote extensive commentaries on the intent and purposes supporting the various provisions. The Law Revision Council's note to section 90.801(2)(a) explained as follows:

Paragraph (a) This paragraph excludes from the definition of hearsay certain out-of-court statements by a witness who testifies at the trial or hearing and is subject to cross-examination. Since the declarant is in court and may be cross-examined in regard to the statement, the dangers inherent in hearsay testimony are minimized. See 5 Wigmore, Evidence §§ 1361-1362 (3rd ed. 1940). The prior statement may be used as substantive evidence. It is unrealistic to believe that a jury properly discriminates when told to accept certain evidence as bearing only on the credibility of the witness. The prior statement may be more reliable than the present testimony.
Law Revision Council Note-1976, 6C Fla. Stat. Ann. 236, 238 (1979) (emphasis added). This commentary from the framers of the evidence code is highly persuasive on the question of whether the legislature intended to allow the use of prior sworn statements of witnesses as substantive evidence. Accordingly, we approve the district court's holding that the use of such statements as substantive evidence was intended.
As was stated above, however, petitioner argues that section 90.801(2)(a) excludes from the definition of hearsay only statements made in proceedings where the witness was subject to cross-examination. Relying on the principle of ejusdem generis, petitioner points out that under the statute the statement must have been given "subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition." All of the proceedings specifically mentioned entail the right of cross-examination; testimony before a grand jury is not subject to cross-examination by the accused.
We disagree with petitioner's conclusion. The Law Revision Council notes indicate that section 90.801(2)(a) was inspired in part by Federal Rule of Evidence 801(d)(1), which requires the statement to have been given under oath, subject to the *562 penalty of perjury, at a trial, hearing, or deposition. As is indicated below, Rule 801(d)(1) has been interpreted as including statements given under oath before a grand jury. Because section 90.801(2)(a) was patterned after Federal Rule of Evidence 801(d)(1), we should construe the former in accordance with federal court decisions interpreting the latter. See, e.g., Hightower v. Bigoney, 156 So.2d 501 (Fla. 1963).
The use of prior inconsistent statements as substantive evidence was held by the United States Supreme Court not to be in violation of the confrontation clause of the sixth amendment in California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). In response to that decision Congress enacted Federal Rule of Evidence 801(d)(1)(A) which uses language identical to that in section 90.801(2)(a). The federal courts have found that Congress in adopting this rule specifically intended to authorize the use of inconsistent statements given in a grand jury proceeding as substantive evidence.
The version of Rule 801(d)(1)(A) that was eventually adopted resulted from the efforts of a joint House and Senate committee. In its report, the joint committee stated that "[t]he rule as adopted covers statements before a grand jury."
... .
We think it clear that the admission, as substantive evidence, of grand jury testimony that meets the requirements of Rule 801(d)(1)(A) does not run afoul of the Constitution. The Rule was expressly formulated to allow admission of grand jury testimony, and this court and others have held that grand jury testimony admitted under the Rule may properly be considered as substantive evidence of guilt.
United States v. Distler, 671 F.2d 954, 959 (6th Cir.), cert. denied, 454 U.S. 827, 102 S.Ct. 118, 70 L.Ed.2d 102 (1981). See also United States v. Dennis, 625 F.2d 782 (8th Cir.1980); United States v. Woods, 613 F.2d 629 (6th Cir.), cert. denied, 446 U.S. 920, 100 S.Ct. 1856, 64 L.Ed.2d 675 (1980); United States v. Coran, 589 F.2d 70 (1st Cir.1978); United States v. Champion International Corp., 557 F.2d 1270 (9th Cir.), cert. denied, 434 U.S. 938, 98 S.Ct. 428, 54 L.Ed.2d 298 (1977); United States v. Mosley, 555 F.2d 191 (8th Cir.), cert. denied, 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977).
We therefore hold that under section 90.801(2)(a), Florida Statutes (1981), the prior inconsistent statement of a witness at a criminal trial, if given under oath before a grand jury, is excluded from the definition of hearsay and may be admitted into evidence not only for impeachment purposes but also as substantive evidence on material issues of fact. We believe that the constitutional right of the accused to confront the witnesses against him requires that the declarant testify at the trial or hearing at which the state seeks to introduce the prior statement as substantive evidence. Section 90.801(2)(a) safeguards this right by requiring that the declarant appear as a witness and be available for cross-examination.
We approve the decision of the district court of appeal.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.