473 So.2d 686 (1984)
Gene MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1422.
District Court of Appeal of Florida, Fourth District.
December 12, 1984.
Nelson E. Bailey, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Gene Arthur Moore appeals from his conviction for second degree murder.
The grand jury indicted appellant for first degree murder. Two witnesses testified before the grand jury and identified appellant as the murderer but later recanted their statements in deposition. Appellant moved to dismiss the indictment on the grounds that no evidence existed to establish that he committed the murder. The trial court granted the motion and the State appealed. This court reversed and held that the Florida Evidence Code, Section 90.801(2)(a) authorizes the use of prior inconsistent statements as substantive evidence. State v. Moore, 424 So.2d 920 (Fla. 4th DCA 1982). Appellant petitioned the Supreme Court for review and the Supreme Court in Moore v. State, 452 So.2d 559 (Fla. 1984) approved the decision of this court:
We therefore hold that under section 90.801(2)(a), Florida Statutes (1981), the prior inconsistent statement of a witness at a criminal trial, if given under oath before a grand jury, is excluded from the definition of hearsay and may be admitted into evidence not only for impeachment purposes but also as substantive evidence on material issues of fact.
Id. at 562.
Before appellant came to trial, the State prosecuted the two witnesses for perjury. *687 Both pled guilty. Before accepting their plea the judge asked the witnesses under oath which statements were true. Both testified that they had lied before the grand jury and that they had testified truthfully on deposition.
At the conclusion of the State's case, appellant moved for a judgment of acquittal. The trial judge noted when he denied appellant's motion that:
[W]ere it not for the case of State v. Moore, 424 So.2d 920 and Webb v. State, 426 So.2d 19  920 [sic] I would grant your motion so fast it would make your head swim because prior to those two cases and prior to the adoption of the new Florida Evidence Code, no legal scholar could disagree that the State had not made out a prima facie case... .
... .
The case before me today, the only evidence that the State can point to to convict the Defendant is the sworn testimony of Copen and Tumblin given to the grand jury, which after the Moore decision came down they pled guilty in front of Judge Mounts and admitted, under oath, that the testimony was false and perjured.
The jury found appellant guilty of second degree murder.
Appellant contends that the unusual facts of this case present a question of first impression in the State of Florida:
Whether a conviction can be sustained which is based solely upon recanted grand jury testimony of two witnesses who have admitted that they perjured themselves when testifying before the grand jury.
The decision approved in Moore v. State concerned only the admissibility of prior inconsistent statements as substantive evidence in the context of a motion to dismiss the indictment brought under Florida Rule of Criminal Procedure 3.190(c)(4). The question of whether such prior inconsistent statements standing alone constitute sufficient evidence to sustain a conviction has not been decided. In Webb v. State, 426 So.2d 1033 (Fla. 5th DCA 1983), petition for review denied, 440 So.2d 354 (Fla. 1983), the court approved a conviction based primarily upon recanted prior inconsistent statements. However, in Webb, the State introduced other corroborating evidence in addition to the witness's recanted testimony. Sub judice, the record fails to demonstrate any other competent evidence which corroborates appellant's guilt.
Appellant relies on United States v. Orrico, 599 F.2d 113 (6th Cir.1979). In Orrico, the only evidence of guilt came from a prior inconsistent statement. One of the government's witnesses testified that Orrico had told him to misdirect a particular check. He later recanted his testimony at trial and stated he could not remember whether Orrico had told him any such thing. The circuit court of appeal concluded that the trial court properly admitted the prior inconsistent statements as substantive evidence but held the prior inconsistent statements insufficient to sustain the conviction.
[T]he Government having offered such statements as the sole evidence of a central element of the crime charged, we hold that the Government has failed to sustain its burden of proving guilt beyond a reasonable doubt.
Id. at 119.
We recognize that Tibbs v. State, 397 So.2d 1120 (Fla. 1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), prohibits us from reweighing the evidence on appeal and limits our review to a consideration of the sufficiency of the evidence.
As a general proposition, an appellate court should not retry a case or reweigh conflicting evidence submitted to a jury or other trier of fact. Rather, the concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment. Legal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.
Id. at 1123 (footnotes omitted).
Since no Florida precedent exists on the sufficiency of the evidence before *688 this court, we choose to follow the conclusion reached by the Sixth Circuit Court of Appeal in Orrico, that prior inconsistent statements standing alone do not constitute sufficient evidence to sustain a conviction. Additionally, this case involves not just prior inconsistent statements, but prior inconsistent statements which the witnesses admitted in their perjury trial had been false. We hold that in the absence of some competent corroborating evidence the admittedly perjured testimony of the witnesses did not constitute sufficient competent evidence to support appellant's conviction of second degree murder.
We consider the question raised in this appeal one of great public importance and certify the following question to the Supreme Court of the State of Florida:
WHETHER A CONVICTION CAN BE SUSTAINED WHICH IS BASED SOLELY UPON RECANTED GRAND JURY TESTIMONY OF WITNESSES WHO ADMITTED THAT THEY PERJURED THEMSELVES WHEN GIVING THE TESTIMONY RELIED UPON TO SUSTAIN THE CONVICTION. REVERSED.
LETTS and WALDEN, JJ., concur.