485 So.2d 1279 (1986)
STATE of Florida, Petitioner,
v.
Gene MOORE, Respondent.
No. 66315.
Supreme Court of Florida.
April 10, 1986.
*1280 Jim Smith, Atty. Gen. and Marlyn J. Altman and Georgina Jimenez-Orosa, Asst. Attys. Gen., West Palm Beach, for petitioner.
Nelson E. Bailey, West Palm Beach, for respondent.
SHAW, Justice.
This cause is before us to answer a certified question of great public importance. Moore v. State, 473 So.2d 686 (Fla. 4th DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
A grand jury indicted respondent for first-degree murder based on the sworn testimony of A.C. Tumblin and Crystal Price. These witnesses testified that they, respondent, a woman, and two runaway juvenile prostitutes drove in respondent's car to the parking lot of the Rutledge Inn on Singer Island. Respondent got out of the car and tried to interest the victim in one of the females. Respondent, Price, Tumblin and the woman withdrew a short distance to permit the victim to talk to the two juvenile prostitutes. After a while, respondent sent Price over to report what was happening. She returned and reported that she didn't think anything would transpire. Price testified that respondent approached the victim and the two prostitutes and she heard two shots. Respondent and the two girls then returned hurriedly to the car and the original party of six left right away. Tumblin's testimony corroborated Price's on essential points, but he added that he saw respondent draw a pistol and shoot the victim twice and when respondent returned he gave money to Tumblin and told him to keep his mouth shut.
Following the grand jury indictment, Tumblin, whose wife is respondent's niece, and Price, who is a good friend of respondent, recanted their grand jury testimony in sworn depositions, claiming that the facts they recounted were obtained from the police and they lied to the grand jury because of police coercion. After the recantation, respondent moved to dismiss the indictment on the grounds, inter alia, that the state "has no crime-scene or circumstantial or scientific evidence that addresses the question of who committed that murder, or, to be more specific, no such evidence that identifies Gene Moore as the perpetrator" and "the State has available to it no witnesses and no evidence that can identify Gene Moore at trial as the person who committed the murder charged in this case." The state responded by acknowledging that under extant law it had no substantive evidence of respondent's guilt. In its order granting the motion to dismiss, the trial court recognized the state's acknowledgment that it had "no admissible, substantive evidence that could be introduced at trial to overcome the Defendant's presumption of innocence or even to establish a prima facie case against Defendant in the State's case in chief." Accordingly, the motion to dismiss was granted.
On appeal, respondent moved to dismiss the appeal as frivolous because the state had acknowledged "that it in fact had no evidence and the law compelled dismissal." The district court denied the motion to dismiss and later held that section 90.801(2)(a), Florida Statutes (1981), permitted the introduction of prior inconsistent statements made before a grand jury as substantive evidence provided the declarant testifies at trial. Accordingly, the state was not without substantive evidence and was entitled to present the prior inconsistent statements for consideration by the jury. State v. Moore, 424 So.2d 920 (Fla. 4th DCA 1982) (Moore I). We subsequently granted review because of direct and express conflict with decisions antedating the enactment of section 90.801(2)(a) which held that such statements could not be introduced as substantive evidence. In the statement of the case and facts, then petitioner Moore made the unchallenged assertion in his brief that the state conceded that there was no substantive evidence of Moore's guilt, other than the contested prior inconsistent statements before the grand jury. We affirmed the district court decision, holding that the prior inconsistent statements before the grand jury could be introduced as substantive evidence, even though the declarants *1281 recanted the statements at trial. Moore v. State, 452 So.2d 559 (Fla. 1984) (Moore II). We did not address the issue of whether such testimony standing alone was sufficient to sustain a criminal conviction.
Following remand to the trial court, but prior to trial, the state obtained perjury convictions against the two witnesses based on their contradictory statements. At Moore's trial, the state relied completely on the witnesses' testimony before the grand jury that Moore had killed the victim. The witnesses appeared and testified that they had lied to the grand jury. The jury returned a guilty verdict of second-degree murder. On appeal the district court concluded
[t]he decision approved in Moore v. State concerned only the admissibility of prior inconsistent statements as substantive evidence in the context of a motion to dismiss the indictment brought under Florida Rule of Criminal Procedure 3.190(c)(4). The question of whether such prior inconsistent statements standing alone constitute sufficient evidence to sustain a conviction has not been decided.
Moore v. State, 473 So.2d 686, 687 (Fla. 4th DCA 1984) (Moore III). Writing on what it felt was an issue of first impression, the court found persuasive the conclusion of United States v. Orrico, 599 F.2d 113 (6th Cir.1979), "that prior inconsistent statements standing alone do not constitute sufficient evidence to sustain a conviction." Moore III, 473 So.2d at 687. The court held "that in the absence of some competent corroborating evidence the admittedly perjured testimony of the witnesses did not constitute sufficient competent evidence" to support a conviction. Id. The district court below certified to us a question of great public importance:
WHETHER A CONVICTION CAN BE SUSTAINED WHICH IS BASED SOLELY UPON RECANTED GRAND JURY TESTIMONY OF WITNESSES WHO ADMITTED THAT THEY PERJURED THEMSELVES WHEN GIVING THE TESTIMONY RELIED UPON TO SUSTAIN THE CONVICTION.
Id.
We note first that the recanting witnesses were not convicted of perjuring themselves before the grand jury. They were convicted of perjury by contradictory statements before the grand and petit juries, for which it is "not necessary to prove which, if any, of the statements, is not true." § 837.021(3), Fla. Stat. (1981). Accordingly, we reword the question to read:
IS A PRIOR INCONSISTENT STATEMENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION WHEN THE PRIOR INCONSISTENT STATEMENT IS THE ONLY SUBSTANTIVE EVIDENCE OF GUILT?
For the reasons which follow, we answer the reworded question in the negative and hold, as a matter of law, that in a criminal prosecution a prior inconsistent statement standing alone is insufficient to prove guilt beyond a reasonable doubt.
The district court below found persuasive the reasoning of Orrico wherein the Court took the following view relative to the use of prior inconsistent statements as the sole evidence of guilt.
Assuming that such statements may be admissible in a criminal case, we believe that they may supply valuable evidence for the prosecution. They may be used to corrobarate evidence which otherwise would be inconclusive, may fill in gaps in the government's reconstruction of events, or may provide valuable detail which would otherwise have been lost through lapse of memory. But the government having offered such statements as the sole evidence of a central element of the crime charged, we hold that the government has failed to sustain its burden of proof of guilt beyond a reasonable doubt.
Orrico, 599 F.2d at 119. We agree that the risk of convicting an innocent accused is simply too great when the conviction is based entirely on prior inconsistent statements. In so holding, we emphasize, as the district court below did, that we are not *1282 establishing a procedure whereby appellate courts reweigh the evidence and substitute their judgments for those of the jury. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). In answering the certified question, we have limited our response to the sufficiency of the evidence which is a legitimate concern of appellate courts. In this instance we find, for the reasons stated, that the state's proof was legally insufficient as a matter of law to prove guilt beyond a reasonable doubt.
The certified question as reworded is answered in the negative and the district court opinion reversing respondent Moore's conviction on insufficiency of proof is approved.
It is so ordered.
McDONALD and BARKETT, JJ., concur.
OVERTON, J., concurs specially with an opinion.
BOYD, C.J., and ADKINS and EHRLICH, JJ., dissent.
OVERTON, Justice, concurring specially.
In my view, it would be a different issue if the prior inconsistent statements were from a proceeding in which the defendant had had an opportunity to confront and cross-examine the witnesses.