569 So.2d 1322 (1990)
James L. BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-899.
District Court of Appeal of Florida, First District.
November 8, 1990.
*1323 James A. Johnston, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
James Bell appeals from his conviction and sentence for two counts of sexual battery. The error alleged by the defendant was the denial by the trial court of the defendant's motion for a judgment of acquittal. Because we agree that this was error, and because we find insufficient evidence to sustain a conviction, we reverse the conviction and order that the defendant be discharged.
The defendant was charged under section 794.011(2), Florida Statutes (1989), with two counts of sexual battery, to wit, oral union between his mouth and his grandson's penis. An unsworn videotaped statement of the child was the sole evidence presented of the alleged incident. At trial, the child testified that his grandfather touched his penis, but when he was asked several times if his grandfather had ever done anything else to his penis, the boy said no. The jury convicted the defendant.
The law in this state is that uncorroborated hearsay statements cannot be used as the sole evidence to convict. State v. Moore, 485 So.2d 1279 (Fla. 1986). This rule applies to statements admitted under section 90.803(23), Florida Statutes. See Jaggers v. State, 536 So.2d 321 (Fla. 2nd DCA 1988), and Williams v. State, 560 So.2d 1304 (Fla. 1st DCA 1990) (prior, unsworn, uncorroborated statements without more are simply insufficient as a matter of law to sustain a conviction).
In this case, there was no corroboration of the out-of-court statement. Although the boy had made statements to his mother and to an HRS worker, these statements were excluded by the trial judge. Because the only evidence presented by the state was the prior, unsworn, inconsistent, and uncorroborated statement, the state did not meet its burden of proving the elements of the crime beyond a reasonable doubt, and a judgment of acquittal should have been granted. We have no choice but to reverse the conviction of the defendant.
SMITH and WIGGINTON, JJ., concur.