PER CURIAM.
We agree with appellant’s claim of error in his conviction and sentence for first-degree murder.
In the instant case, the witness upon whose identification the state relied, in no way identified the defendant to the jury; rather, it was only a police officer’s recitation of that witness’ out-of-court statements which purported to establish that the witness had earlier identified the defendant’s picture. Thus, there was no sworn testimony before the jury in which the defendant was identified as the perpetrator of the crime.
Where the inescapable inference from testimony is that a non-testifying witness has furnished police with evidence of defendant’s guilt, such testimony is hearsay and defendant’s right of confrontation is defeated notwithstanding that actual statements made by the non-testifying witness are not repeated. Postell v. State, 398 So.2d 851 (Fla. 3d DCA), review denied, 411 So.2d 384 (Fla.1981). It is a fundamental principle of criminal law that the prosecution, in presenting a prima facie case, must establish beyond a reasonable doubt the identity of the accused as perpetrator of the charged offense. Ponsell v. State, 393 So.2d 635, 636 (Fla. 4th DCA 1981); Weinshenker v. State, 223 So.2d 561, 563 (Fla. 3d DCA), cert. denied, 225 So.2d 918 (Fla.), cert. denied, 396 U.S. 973, 90 S.Ct. 462, 24 L.Ed.2d 441 (1969); see Huggins v. State, 453 So.2d 835 (Fla. 5th DCA 1984), review denied, 456 So.2d 1182 (Fla.1984). Uncorroborated hearsay statements cannot be used as the sole evidence to convict as the state attempted in the instant case. See Bell v. State, 569 So.2d 1322 (Fla. 1st DCA 1990), review denied, 581 So.2d 1310 (Fla.1991).
Accordingly, having examined the record together with the state’s confession of error, we reverse the judgment of the trial court with directions to vacate the sentence and discharge the defendant in this cause.