ALLEN, Judge.
The appellant challenges his conviction and sentence for lewd and lascivious assault upon a child. We reject his constitutional challenge to section 90.803(23)(c), Florida Statutes (1991), and his assertion that the trial court erred in admitting the hearsay statements of the child victim in this case. We write to address the appellant’s claim that the trial court erred in denying his motion *110 for judgment of acquittal. Although we affirm, we certify to the supreme court a question of great public importance regarding the sufficiency of the evidence to sustain the conviction.
Prior to trial, the state gave notice of its intent to introduce hearsay statements pursuant to section 90.808(23), Florida Statutes (1991). Two witnesses testified at trial, without any objection, as to statements made to them by the seven year old child who was the alleged victim. When the State attempted to call the child as a witness, she could not give consistent answers as to whether she knew what it meant to tell the truth and replied affirmatively to a question as to whether she had changed her answer because she knew the prosecutor wanted her to answer the other way. The court ruled that the child was not competent to testify. The appellant’s motion for judgment of acquittal on the basis that there was “no direct evidence, other than the hearsay of an incompetent witness” was denied. The defense presented no evidence but rested and renewed its motion for judgment of acquittal and added, “inasmuch as the court has ruled that the child witness in this case is incompetent to testify, I submit that there is a lack of indicia of reliability for the hearsay testimony that is the only testimony really before the court to support any conviction.” The court again denied the motion.
The appellant argues that his motion for judgment of acquittal should have been granted because the conviction rests solely upon hearsay testimony that was never determined to be reliable and that was wholly uncorroborated. Although we recognize that the trial court made no finding as to the reliability of the hearsay testimony and that there was no corroborative evidence of the offense, we are compelled to conclude that the evidence was sufficient to submit the issue of the appellant’s guilt to the jury.
Nonetheless, we are troubled in this case by the apparent breakdown in the procedural safeguards that protect a defendant’s due process and confrontation rights. As the appellant points out, the hearsay exception under which this testimony might have been admitted, had there been an objection, section 90.808(23), is not firmly rooted, Perez v. State, 536 So.2d 206, 209 (Fla.1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989), and thus the testimony is presumed unreliable and inadmissible absent a showing of particularized guarantees of trustworthiness. Idaho v. Wright, 497 U.S. 805, 814, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638 (1990). In this case, the procedures for establishing the required showing of trustworthiness were completely ignored. There was no hearing on the reliability of the statements and thus no finding that the “source of the information” was trustworthy and that “the time, content, and circumstances of the statement provide sufficient safeguards of reliability.” § 90.803(23)(a); State v. Townsend, 635 So.2d 949, 957 (Fla.1994). The child did not testify, so the appellant was not “afforded an opportunity to confront the hearsay declarant.” Perez v. State, 536 So.2d 206, 209 (Fla.1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989). Moreover, the child was determined to be incompetent because she could not give consistent answers as to whether she knew what it meant to tell the truth and replied affirmatively to a question as to whether she had changed her answer because she knew the prosecutor wanted her to answer the other way. We acknowledge that the supreme court has determined that hearsay statements can be admitted even where the child is deemed incompetent to testify. Townsend; Perez, 536 So.2d at 211. However, these decisions stress the importance of the findings regarding reliability and the presence of other corroborating evidence that the offense or abuse occurred:
The fact that a child is incompetent to testify at trial according to section 90.-603(2) does not necessarily mean that the child is unable to tell the truth. The requirement that the trial court find that the time, content and circumstances of the statement 'provide sufficient safeguards of reliability furnishes a sufficient guarantee of trustworthiness of the hearsay statement, obviating the necessity that the child understand the duty of a witness to tell the truth.
Perez, 536 So.2d at 211 (emphasis added).
Essentially, the other corroborating evidence requirement assures that a defen *111 dant will not be convicted solely on the basis of the hearsay testimony. This acts as a safeguard to protect the interests of the accused, which traditionally has been one of the basic underlying reasons for not allowing hearsay testimony in criminal trials.
Tovmsend, 635 So.2d at 957 (emphasis added). In the present case, both of these critical elements are missing. Thus, notwithstanding the absence of any objections to the hearsay testimony, we question the sufficiency of the evidence in this case to sustain the conviction. See State v. Moore, 485 So.2d 1279 (Fla.1986); Bell v. State, 569 So.2d 1322 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1310 (Fla.1991); see also Everhart v. State, 592 So.2d 352 (Fla. 3d DCA), review denied, 602 So.2d 534 (Fla.1992); cf. Forehand v. School Board, 600 So.2d 1187, 1191 (Fla. 1st DCA 1992). We therefore certify to the supreme court the following question of great public importance:
Can hearsay testimony relating to statements made by an incompetent witness constitute legally sufficient proof as the sole evidence of the commission of a criminal offense where the trial court has made no finding as to the reliability of the hearsay testimony?
Affirmed.
BENTON, J., concurs.
BOOTH, J., specially concurs with written opinion.