HARRIS, Chief Judge.
Ben Sapio appeals the summary denial of his 3.850 motion alleging ineffective assistance of counsel during his trial in which he was convicted of lewd and lascivious assault on a child.
The trial judge denied the motion stating:
A review of the defendant’s motion for post-conviction relief, along with the court file and the initial brief and reply brief filed by the defendant on direct appeal and the answer brief filed by the State on direct appeal, reflect that the allegations of ineffective assistance of trial counsel are in fact claims regarding substantive legal arguments, which would have to be raised on direct appeal rather than through this post-conviction relief.
A review of the briefs on direct appeal reflect that all of these issues were raised on direct appeal and that the trial attorney had also raised said issues during the course of trial, thereby preserving same for direct appeal.
Although the trial judge found that all the issues had been preserved for appeal, because it appears that our earlier per curiam affirmance of Sapio’s conviction[1] was based on a finding that the issue which is the basis for the ineffective assistance claim had not been preserved, rather than on the merits, we reverse.
The facts of this case are simple and undisputed. Sapio was prosecuted for fondling, and being fondled by, a four-year-old boy. At deposition and at trial, the young boy denied that any such behavior took place. The State then introduced, pursuant to section 90.803(23), Florida Statutes (1991), the previous hearsay statements of the boy made to his mother and to an employee of the Child Crisis Center.[2] These previous hearsay statements, in addition to impeaching the *69 State’s prime witness (the boy), were also admissible as substantive evidence based on section 90.803(23).
Although trial counsel objected to the hearsay statements as being uncorroborated, he never pointed out to the court that because such statements were inconsistent with the child’s in-court testimony, standing alone, they were insufficient to support Sapio’s conviction.[3] And while the sufficiency of this testimony was raised on appeal, the State, in its response, made a strong argument that such issues had not been preserved for appeal:
Appellant argues on appeal that the child hearsay testimony and excited utterances were prior inconsistent statements and that they constitute insufficient evidence to support appellant’s conviction. The argument made on appeal was not made below in support of the motion for JOA. At no time when the motion for JOA was made did appellant argue that the statements admitted into evidence as child hearsay and excited utterances were prior inconsistent statements. The trial judge was at no time given the opportunity to rule on the motion for JOA based on the ground now argued on appeal ...
Furthermore, it appears that appellant waived his motion for JOA made at the close of the State’s case. Appellant stated:
At best, the State has the defendant tickling this child in the area of the penis. And of course the child goes back and forth now. Whether or not it occurred will be for the jury to consider.
It is difficult, of course, to state with certainty the reasoning behind a per curiam opinion. However, because we do not believe it was the panel’s intent to ignore State v. Moore, 485 So.2d 1279 (Fla.1986), we conclude that the majority accepted the State’s argument that the issue had not been preserved.[4] It was the failure to preserve this issue that is now urged to be ineffective assistance of counsel. Because we believe that, had the Moore argument been presented to the trial court, a different result would have occurred, we reverse and direct the trial court to conduct the requested 3.850 hearing.
REVERSED and REMANDED.
W. SHARP, J., concurs.
GOSHORN, J., concurs specially, with opinion.

. Sapio v. State, 630 So.2d 1173 (Fla. 5th DCA 1993).

. The statement made at the Child Crisis Center was videotaped and played to the jury.

. The supreme court in State v. Moore, 485 So.2d 1279 (Fla.1986), has clearly resolved this issue on the merits against the State. In Moore, even though the impeachment testimony was properly received as substantive evidence, standing alone, it "was legally insufficient as a matter of law to prove guilt beyond a reasonable doubt.” Moore, 485 So.2d at 1282.

. The dissenting judge did consider the case on the merits and voted to reverse.