ERVIN, Judge,
concurring and dissenting.
I dissent from that portion of Judge Bar-field’s opinion holding the victim’s deposition testimony admissible as substantive evidence pursuant to Section 90.801(2)(a), Florida Statutes (1989). In my judgment, the Florida Supreme Court’s decision in Moore v. State, 452 So.2d 559 (Fla.1984), concerning a construction of section 90.801(2)(a), should have no application to cases involving facts dissimilar from those in Moore. I understand Moore simply to say that section 90.801(2)(a) permits admission as substantive evidence of a prior inconsistent statement of a witness testifying at a criminal trial when the prior statement had been given under oath before a grand jury. No facts were before the court, as here, regarding whether a prior, inconsistent statement made during a discovery deposition, taken pursuant to Florida Rule of Criminal Procedure 3.220(h), but not in compliance with Florida Rule of Criminal Procedure 3.190(j), which governs the procedure for taking depositions for the purpose of perpetuating testimony, is admissible at trial as substantive evidence.
I am fully aware that section 90.801(2)(a) provides that a sworn, out-of-court statement inconsistent with the declarant’s trial testimony is not hearsay if its declarant testifies at trial and is subject to cross-examination. Nevertheless, I consider that the same judicial rule which bars the use of discovery depositions as substantive evidence, when such depositions are introduced as an exception to the hearsay rule under Section 90.804(2)(a), Florida Statutes, is equally applicable to exclude the similar use of prior, inconsistent statements obtained during a *792 discovery deposition, if offered for admission under the provisions of section 90.801(2)(a). A summary of pertinent Florida ease law offers strong support to this conclusion.
In State v. James, 402 So.2d 1169 (Fla.1981), the supreme court broadly stated that discovery depositions are not admissible as substantive evidence absent compliance with rule 3.190(j), and based its holding not on any perceived violation of the confrontation clause, but on certain language of rule 3.220(h), providing that discovery depositions “may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness.” Thus, the court interpreted the rule as precluding the use of discovery depositions at criminal trials for any purpose other than for impeachment or contradiction. The James decision was recently reaffirmed by the Florida Supreme Court in Rodriguez v. State, 609 So.2d 493, 499 (Fla.1992), wherein the court, in refusing to extend the rule which allows the use of discovery depositions as substantive evidence in civil eases to criminal cases, noted that because the rules of civil procedure do not provide an exception to the common law rule excluding depositions as hearsay, the evidence code may provide such an exception in civil proceedings. Id. at 498. The court continued, however, that a similar result was not warranted in criminal cases “because greater latitude for the use of depositions in civil eases exists by virtue of Rule of Civil Procedure 1.330 which is much broader than the Rules of Criminal Procedure that provide for the use of deposition testimony.” Id. See also Smith v. State, 606 So.2d 641, 644 (Fla. 1st DCA 1992); Clark v. State, 572 So.2d 929 (Fla. 5th DCA 1990), approved in part, quashed in part, 614 So.2d 453 (Fla.1992); Campos v. State, 489 So.2d 1238 (Fla. 3d DCA 1986); Jackson v. State, 453 So.2d 456 (Fla. 4th DCA 1984).
I recognize that all of the above cases involved attempts to admit discovery depositions as substantive evidence under section 90.804(2)(a) and not, as here, pursuant to section 90.801(2)(a). I also recognize that in each of the above cases the witness who gave the deposition testimony was unavailable for trial, unlike the child victim at bar. Yet, the rationale of the above decisions applies equally to the issue of whether a discovery deposition is admissible as substantive evidence under section 90.801(2)(a). The above eases hold the provisions of rule 3.220(h) authorize the use of discovery depositions for the explicit purpose stated therein: to impeach or contradict, but for no other purpose. If the rules of criminal procedure do not provide a basis for the admission as substantive evidence of discovery depositions, then application of the common law forbids their use for such purposes. At common law, a declarant’s prior, inconsistent statements were held generally inadmissible as substantive evidence and were limited in their use for impeachment purposes. See Thomas v. State, 289 So.2d 419 (Fla. 4th DCA 1974).
In reaching the conclusion that an inconsistent statement given during a discovery deposition is not admissible as substantive evidence at trial, I recognize that there are strong and practical arguments to the contrary, and particularly so when the declarant is available at trial for cross-examination:
The major reason for excluding hearsay evidence is the lack of the opportunity to cross-examine the declarant under oath before the jury concerning the statement. Under section 90.801(2), prior inconsistent statements are admissible only when these requirements are met. The requirement of a formal proceeding and an oath provides additional assurances of reliability. Therefore, the reasons for the exclusion of hearsay evidence are absent. Furthermore, if a prior statement is admissible only to impeach, when the jury does not believe the declarant’s explanation that he did not make the prior statement, and they find it to be true, it is unreasonable to expect them to limit the use of the statement only to assessing credibility. If the jurors find that, in fact, the prior statement was made and was true, it is difficult, if not impossible, for them not to consider it.
Charles W. Ehrhardt, Florida Evidence § 801.7, at 559 (1993 ed.).
Despite the logic of the above comments, the reasoning used by the Florida Supreme Court in Rodriguez for excluding discovery *793 depositions as substantive evidence when the strictures of rule 8.190(j) have not been complied with does not appear to me to turn on the question of the availability or nonavailability of the declarant, but rather on the impeachment/eontradiction limitation in rule 3.220(h). In view of the Rodriguez rationale, it is difficult for me to believe that a different rule would apply to permit the use as substantive evidence of a discovery deposition which includes a prior inconsistent statement given by the declarant who is also available as a witness at trial. Until the Florida Supreme Court adopts the same position as have the federal courts, allowing the use of discovery depositions as substantive evidence in criminal trials pursuant to the parallel provisions of the Federal Evidence Code, see United States v. Steele, 685 F.2d 793, 808 (3d Cir.), cert. denied, 459 U.S. 908, 103 S.Ct. 213, 74 L.Ed.2d 170 (1982), I feel bound to follow case law which I consider bars such use in Florida criminal trials.
I am therefore constrained to dissent from that portion of Judge Barfield’s opinion holding the discovery deposition of the child victim admissible as substantive evidence. I agree, however, with that part of his opinion holding that if the deposition were properly admissible for such purpose, it does not constitute sufficient evidence to sustain the conviction, as the prior, inconsistent statement was the only substantive evidence of guilt.
I would, however, certify the following additional question to the Florida Supreme Court as one of great public importance:
DOES THE DECISION IN RODRIGUEZ v. STATE, 609 So.2d 493 (FLA.1992), EXCLUDING THE USE AS SUBSTANTIVE EVIDENCE OF DISCOVERY DEPOSITIONS THAT ARE SOUGHT TO BE ADMITTED UNDER SECTION 90.804(2)(a), FLORIDA STATUTES, EXTEND TO BAR THE ADMISSION OF DISCOVERY DEPOSITIONS OFFERED AS EVIDENCE UNDER SECTION 90.801(2)(a), FLORIDA STATUTES, PERTAINING TO A PRIOR, INCONSISTENT STATEMENT OF A DE-CLARANT WHO IS AVAILABLE AND SUBJECT TO CROSS-EXAMINATION AT TRIAL?