655 So.2d 1118 (1995)
Steven Jerome ANDERSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 84345.
Supreme Court of Florida.
May 25, 1995.
Nancy A. Daniels, Public Defender and Phil Patterson, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for Petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Tallahassee Bureau Chief, Crim. Appeals and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Chief Justice.
We have for review Anderson v. State, 642 So.2d 109 (Fla. 1st DCA 1994), in which the First District Court of Appeal certified the following question to be of great public importance:
CAN HEARSAY TESTIMONY RELATING TO STATEMENTS MADE BY AN INCOMPETENT WITNESS CONSTITUTE LEGALLY SUFFICIENT PROOF AS THE SOLE EVIDENCE OF THE COMMISSION OF A CRIMINAL OFFENSE WHERE THE TRIAL COURT HAS MADE NO FINDING AS TO THE RELIABILITY OF THE HEARSAY TESTIMONY?
Id. at 111. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Steven Jerome Anderson was charged with lewd and lascivious assault upon a child. Prior to trial, the State gave notice of its intent to introduce hearsay statements under section 90.803(23), Florida Statutes (1991).[1] *1119 At the trial, Shannon DeVita, the child's soon-to-be stepmother, and Becky Hart, a police officer, both testified that the seven-year-old child told them that while she was on a fishing pier across from her house during daylight hours, Anderson had approached her and touched her with his penis. Anderson did not object to the introduction of the statements, and there was no hearing as contemplated by section 90.803(23). The child was also called as a witness but once on the stand, she could not give consistent answers as to whether she knew what it meant to tell the truth. Additionally, the child replied affirmatively to a question as to whether she had changed her answer because she knew the prosecutor wanted her to answer the other way. The trial court ruled that the child was not competent to testify. Anderson's motion for judgment of acquittal was denied and the jury returned a verdict of guilty. Anderson was sentenced to prison for twenty-two years.
On appeal, Anderson argued that his motion should have been granted because his conviction was based solely upon hearsay testimony that was never determined to be reliable and that was uncorroborated. The district court of appeal concluded that there was no corroborative evidence of the offense and recognized that the trial court made no finding as to the reliability of the hearsay testimony. However, because of the absence of objection to the testimony, it affirmed the trial court's denial of the motion but certified the foregoing question.
This case has the potential of illustrating the old adage that "hard cases make bad law." On the one hand there is a general rule that where no objections are made to the admission of hearsay evidence, the evidence is admitted as if it were by consent and the issue is procedurally barred from appellate review. Wyatt v. State, 641 So.2d 1336 (Fla. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1983, 131 L.Ed.2d 870 (1995); Western Union Tel. Co. v. Merritt, 55 Fla. 462, 46 So. 1024 (1908). In addition, a trial court's failure to make sufficient findings under section 90.803(23) in and of itself does not constitute fundamental error. State v. Townsend, 635 So.2d 949 (Fla. 1994). On the other hand, had an objection been made and a hearing been held, there is a good likelihood that the hearsay statements could not have been admitted because of the lack of corroborative evidence required under section 90.803(23)(a)2.b. In addition, we reject the State's argument that Anderson's conduct when confronted by the accusations provided corroborating evidence to support his conviction. Further confounding the problem is the possibility that the child's statement to DeVita might have been admissible as an excited utterance except that it was not presented as such because no objection was made. Under these circumstances, we are reluctant to create any precedent and have determined that our holding should be specifically limited to the facts of this case.
Although involving completely different facts, we find the case of State v. Moore, 485 So.2d 1279 (Fla. 1986), instructive. In that case, the State presented testimony from two eyewitnesses who, prior to trial, had testified before a grand jury that Moore had committed a murder. When the witnesses recanted at trial and testified that they had lied before the grand jury because of police coercion, the State introduced their prior inconsistent grand jury testimony of Moore's guilt. There was no other evidence implicating Moore in the murder. In reversing the conviction, we held "that the risk of convicting an innocent accused is simply too great when the evidence is based entirely on prior inconsistent statements." Id. at 1281.
We are persuaded that the facts of this case mandate the same result. This conviction was based on hearsay statements *1120 made by a child found incompetent to testify when there was no determination of the statements' reliability and no corroborating evidence. We hold that the evidence in this record was insufficient to sustain the conviction.
Although Anderson urges us to do so, we decline to enunciate a blanket rule that no conviction can stand based solely on hearsay testimony. Further, as in Moore, we disclaim any intent to establish a procedure whereby appellate courts reweigh the evidence and substitute their judgments for those of the jury. See Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Because our holding is limited to the facts of this case, we choose not to answer the more broadly worded certified question.
We quash the decision below and remand with directions that Anderson's conviction be reversed.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 90.803(23), Florida Statutes (1991), provides:

HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM. 
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.