PER CURIAM.
In this Anders appeal,[1] the trial court imposed a public defender lien without affording Ms. Willis the opportunity to contest the amount assessed. “The failure to provide notice before the assessment of an attorney-fee hen of the right to a hearing to contest the amount of the hen is contrary to the requirements of section 27.56(7), Florida Statutes.”[2] Robinson v. State, 667 So.2d 384, 386 (Fla. 1st DCA 1995) (citing In re L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA 1993), review denied, 624 So.2d 268 (Fla.1993)).
Accordingly, the imposition of the pubhc defender hen is reversed, without prejudice to reimpose it on remand after comphance with section 27.56(7), Florida Statutes (1993). The judgment and sentence are in ah other respects affirmed.
BOOTH, JOANOS and BENTON, JJ., concur.

. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Section 27.56(7), Florida Statutes (1993) provides:
The court having jurisdiction of the defendant-recipient may, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender, special assistant public defender, or appointed private legal counsel and costs, at which time the defendant-recipient or parent, after adequate notice thereof, shall have opportunity to he heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.
(Emphasis added).