POLEN, Judge.
We grant the petition for writ of cer-tiorari and quash the trial court’s order granting respondent’s motion in limine. The order provided for a blanket exclusion of several statements alleged to have been made by the victim, respondent’s estranged wife, the morning of the day she was murdered. Respondent was also charged with kidnapping her and assaulting her with a firearm earlier that day. We have jurisdiction for certiorari review of such orders pursuant to State v. Pettis, 520 So.2d 250 (Fla.1988).
The statements excluded - were those alleged to have been made by the victim to coworkers, relatives, a 911 operator, and to officers investigating the alleged kidnapping and assault. The state argued to the trial court these statements were admissible under the “excited utterance” exception to the hearsay rule, section 90.803(2), Florida Statutes (1993).
The trial court departed from the essential requirements of law in entering a blanket order granting respondent’s motion in limine as to all such statements. On remand, the court must rule on each statement individually. Accordingly, we do not direct the trial court which statements to admit or exclude. In order to give the trial court some guidance, however, we address certain arguments made by respondent.
We reject respondent’s contention that admission of excited utterances requires the same type of independent corroboration of the startling event as would pertain to corroboration of the existence of a conspiracy before a coconspirator’s statements may be admitted. See Romani v. State, 542 So.2d 984 (Fla.1989). Because Florida’s “excited utterance” statute is virtually identical to the federal statute, we are guided by federal case law in this regard. Moore v. State, 452 So.2d 559 (Fla.1984). United States v. Moore, 791 F.2d 566 (7th Cir.1986), supports the proposition that corroboration of the exciting event is not required. The declaration itself and the declarant’s condition were sufficient to establish that the startling event had occurred.
We further hold that the statements sought to be excluded are not per se outside the “excited utterance” exception because they were separated by a period of time. In Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982), we held that statements separated by over one hour in time were admissible under section 90.803(2). See also Conley v. State, 592 So.2d 723 (Fla. 1st DCA 1992), reversed on other grounds, 620 So.2d 180 (Fla.1993) (two statements to the same officer, separated by thirty-five minutes to an hour).
Accordingly, we quash the order in limine, and remand for the trial court to consider the admissibility of each statement individually, under section 90.803(2), and consistent with this opinion.
KLEIN and STEVENSON, JJ., concur.