692 So.2d 282 (1997)
Billy Gene BRANTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4534.
District Court of Appeal of Florida, First District.
April 28, 1997.
Steven L. Seliger, of Garcia and Seliger, Quincy, for Appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this appeal from appellant's convictions and sentences on two counts of capital sexual battery, appellant raises four issues. We affirm without discussion the first three issues, but as to the fourth issue we strike the public defender's lien imposed on appellant. On the state's cross-appeal, we reverse the trial court's grant of judgment of acquittal as to Count III only.
The trial court erred in imposing a public defender's lien without giving appellant notice of his right to a hearing to contest the amount. Murray v. State, 677 So.2d 70 (Fla. 1st DCA 1996). Accordingly, we strike the lien. On remand, the court may reimpose the lien provided appellant is given notice and an opportunity to contest its amount. Malphurs v. State, 680 So.2d 1128 (Fla. 1st DCA 1996).
The trial court also erred in granting a judgment of acquittal on the capital sexual battery charge in Count III of the amended information. The law in this state is that prior unsworn, inconsistent, and uncorroborated statements cannot constitute the only substantive evidence to sustain a conviction "regardless of whether the prior inconsistent statement is admitted under section 90.801(2)(a) or section 90.803(23)," Florida Statutes. State v. Green, 667 So.2d 756, 760 (Fla.1995); see Williams v. State, 560 So.2d 1304 (Fla. 1st DCA 1990); Jaggers v. State, 536 So.2d 321, 325 (Fla. 2d DCA 1988). Our review of the record reveals that the child victim's testimony at trial in the instant case was not inconsistent with her hearsay statements admitted pursuant to section 90.803(23). The latter statements thus constitute competent evidence supporting the jury verdict. See Bell v. State, 569 So.2d 1322, 1323 (Fla. 1st DCA 1990), review denied, 581 So.2d 1310 (Fla.1991). Accordingly, we reverse the court's order of judgment of acquittal as to Count III only and remand for entry of judgment and imposition of sentence as to that count.
In all other respects we affirm appellant's convictions and sentences and remand for further proceedings in accordance with this opinion.
MINER, ALLEN and MICKLE, JJ., concur.