SCHWARTZ, Chief Judge.
We reject the defendant’s claim to a directed verdict on the ground that evidence that the victim identified him to an investigating police officer, which was properly admitted as an excited utterance, see § 90.803(2), Fla. Stat. (1995); Romero v. State, 670 So.2d 129 (Fla. 3d DCA 1996), was sufficient to support the conviction. Everhart v. State, 592 So.2d 352 (Fla. 3d DCA 1992), review denied, 602 So.2d 532 (Fla.1992), is not controlling because the sole evidence relied upon there was apparently “pure” hearsay as defined by section 90.801(1), Florida Statutes (1995). See Anderson v. State, 655 So.2d 1118, 1120 (Fla.1995) (“we decline to enunciáte a blanket rule that no conviction can stand based solely on hearsay testimony”); see also State v. Green, 667 So.2d 756 (Fla.1995). See generally C. Ehrhardt, Florida Evidence § 802.3 (1997).
Affirmed.