PER CURIAM.
The sole issue raised in this direct appeal from appellant’s conviction and sentence is whether the public defender lien was assessed improperly. We reverse.
We have repeatedly reversed when a trial court imposes a public defender’s hen without giving the appellant notice of his right to a hearing to contest the amount, as is required under section 27.56(7), Florida Statutes, and Florida Rule of Criminal Procedure 3.720(d)(1). See Warren v. State, 701 So.2d 404 (Fla. 1st DCA 1997); Brantley v. State, 692 So.2d 282 (Fla. 1st DCA 1997); Brock v. State, 667 So.2d 1014 (Fla. 1st DCA 1996); Robinson v. State, 667 So.2d 384 (Fla. 1st DCA 1995); Willis v. State, 665 So.2d 354 (Fla. 1st DCA 1995). Such an error is considered fundamental. See Strickland v. State, 693 So.2d 1142 (Fla. 1st DCA 1997). Accordingly, we are obliged to strike the public defender lien, without prejudice. On remand, a lien may again be imposed, provided that appellant is given notice and an opportunity to contest its amount.
We recognize that appellee relies on Fourth District cases, Bryant v. State, 677 So.2d 932 (Fla. 4th DCA 1996) and Holmes v. State, 658 So.2d 1185 (Fla. 4th DCA 1995), which hold such errors are not fundamental, and therefore we certify conflict with those opinions.
REVERSED and REMANDED.
MINER, J., and SHIVERS, Senior Judge, concur.
WOLF, J., specially concurs.