PER CURIAM.
In this direct criminal appeal, the public defender has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and appellant has elected not to file a brief in proper person, although afforded an opportunity to do so. We conclude that there is no reversible error affecting the judgment or length of sentence. Therefore, we affirm the conviction and sentence, except for the public defender fee imposed, because the trial court did not inform appellant of his right to a hearing to contest the amount thereof, before it imposed the lien. See, e.g., Bailey v. State, 677 So.2d 1358 (Fla. 1st DCA 1996) (striking imposition of the public defender’s lien where the appellant was not informed that he had a right to challenge the $450 assessment). Cf. Mitchell v. State, 678 So.2d 1362 (Fla. 1st DCA 1996) (affirming imposition of lien where record indicated that the trial court adequately informed Mitchell of his rights to contest the amount of the lien). Consistent with our prior decisions, we consider these types of errors to be fundamental. See Matke v. State, No. 97-1386, - So.2d -, 1998 WL 55968 (Fla. 1st DCA February 13, 1998); Strickland v. State, 693 So.2d 1142 (Fla. 1st DCA 1997); Neal v. State, 688 So.2d 392, 396 (Fla. 1st DCA 1997)(“the supreme court has held that it is ‘fundamental’ error to order a criminal defendant to pay attorney fees without affording adequate notice and an opportunity to be heard”). Accordingly, we strike the public defender lien without prejudice to reimpose it only after appellant is properly advised of his right to a hearing to contest the amount of the lien, pursuant to Florida Rule of Criminal Procedure 3.720(d)(1).
We again recognize that the Fourth District has held that such errors are not fundamental, see Bryant v. State, 677 So.2d 932 (Fla. 4th DCA 1996); Holmes v. State, 658 So.2d 1185 (Fla. 4th DCA 1995), and therefore certify conflict with those decisions. See Matke, supra.
BARFIELD, C.J., and JOANOS and KAHN, JJ., concur.