PER CURIAM.
ON MOTION TO VACATE JUDGMENT
In an opinion issued June 1, 1998, this court followed our earlier decision in Matice v. State, 765 So.2d 52 (Fla. 1st DCA 1998), review granted, 762 So.2d 918 (Fla.1998), and struck a public defender lien without prejudice to reimpose the lien after the defendant was advised of his right to a hearing to contest the lien. See Sculley v. State, 742 So.2d 286 (Fla. 1st DCA 1998). Thereafter, we stayed issuance of the mandate in this case pending the supreme court’s decision in Matice which would resolve the conflict between decisions of this court and the Fourth District Court of Appeal involving the same legal issue.
In a recent decision, the Florida Supreme Court disapproved this court’s decision in Matice. See Maddox v. State, 760 So.2d 89 (Fla.2000). Counsel for the State filed a motion to vacate judgment, repre *1243 senting that counsel for appellant has advised that appellant wishes to file a post-conviction challenge in the trial court and is unable to do so until the decision here is quashed and jurisdiction is relinquished. Respective counsel agree that this court’s decision should be quashed without further delay, the trial court’s judgment should be affirmed, and this cause should be returned to the trial court for any appropriate post-conviction motion which appellant may wish to file.
Accordingly, we grant the motion to vacate judgment, quash the decision entered June 1, 1998, pursuant to Maddox v. State, 760 So.2d 89 (Fla.2000), and affirm the trial court’s judgment.
BARFIELD, C.J., JOANOS and KAHN, JJ„ CONCUR.